JAMES S. BALLARD, Appellant, *v.* M. J. PURCELL
ET AL., Respondents.

The Practice Act of this State allows an appeal from an order setting aside a judg-
ment.
In an action for the recovery of unliquidated damages, where the defendant fails to
appear, it is not necessary to call a jury to assess the damages; the Court may
either hear the proof itself or order a reference for that purpose. One of these
modes must, however, be pursued. It is erroneous to render judgment by
default without proof in such cases.
During the term in which judgment is rendered the Court has complete control of
it, and upon a proper showing may set it aside.

APPEAL from the District Court of the First Judicial Dis-
trict, State of Nevada, Hon. CALEB BURBANK presiding.

*Lindley & McQuade*, for Appellant.

*Quint & Hardy* and *Perley & DeLong*, for Respondents.

Chief Justice LEWIS rendered the principal opinion in this
case, in which BROSNAN, J., concurred; BEATTY, J., rendered
a separate opinion.

This is an appeal from an order of the District Court for the
County of Storey, setting aside a judgment entered by default
against the defendants Driscoll and Gage.

The order from which this appeal was taken, was made in
the same term in which judgment was entered.

Defendants' counsel relies entirely upon the point that no
appeal can be taken from an order of this character. The
record shows that judgment was entered against the defendants
Driscoll and Gage, and that upon the next day after the entry
thereof, the defendants, by their counsel, moved to set the same
aside, which was done.

Section 285 of the Practice Act provides that " an appeal
may be taken to the Supreme Court from the District Courts
in certain cases, among others from ' any special order made
after final judgment.' " The appeal in this case is taken from
such an order, and cannot therefore be dismissed.

It is also urged upon the argument of this case that judg-
ment by default cannot be rendered in an action of this char-

acter where unliquidated damages are claimed, but that a jury should have been called to assess the same.   This was unquestionably the common law rule, but section 150 of the Practice Act seems to ignore it entirely.

It provides the manner of entering judgment by default in two different classes of actions.   First, where the action is on contract for the recovery of money or damages only, and there is a failure to answer, it is made the duty of the Clerk to enter the default, and immediately thereafter to enter a judgment; in the second class of actions, default is entered in the same manner, but it is made the duty of the plaintiff to apply to the Court for the relief demanded in his complaint; and it is also provided that "if the taking of an account, or proof of any fact be necessary to enable the Court to give judgment, the Court may take the account, or hear the proof, or may, in its discretion, order a reference for that purpose."

Here the power is clearly given to the Court either to hear the proof itself, or order a reference in all this class of actions; and the following clause of the section, " and where the action is for the recovery of damages in whole or in part, the Court *may* order the damages to be assessed by a jury," is merely directory, leaving it discretionary with the Judge to pursue that course or to find the facts himself, or order a reference for that purpose.   Some one of these modes must, however, be followed; judgment by default cannot be entered in the class of cases mentioned in the second subdivision of section 150. The decisions in New York upon this question are contradictory and unsatisfactory, but the view which we take of it seems to be the only one authorized by the language of the Practice Act.   Indeed no other construction can well be placed upon the 150th section.   It seems clearly to authorize the Court below, in its discretion, either to hear the proof itself, find the facts and render judgment thereon, or to call a jury to assess the damages, or to order a reference to ascertain the facts.

In this case nothing of the kind seems to have been done, but judgment by default entered without proof or any findings of fact.   It was error, therefore, to enter judgment in that manner.

There is a further reason why the ruling of the Court below

should be sustained. During the term in which a judgment is rendered the Court has complete control of it, and upon a proper showing may unquestionably set it aside. Acting upon the rule that all the proceedings of a Court of Record are presumed to be regular, in this case we must presume that a proper showing was made to authorize the order of the Court. There is nothing in the record showing the grounds upon which the order was made, but only that the "Court, being sufficiently advised," ordered the judgment to be set aside.

The order of the Court below is therefore affirmed.

Opinion by BEATTY, J.

I concur in the judgment rendered; and whilst I cannot say that I dissent from any part of the reasoning or conclusions arrived at in the opinion, I am not fully satisfied but that the better interpretation of that part of section 150, which says the Court *may* order the damages to be assessed by a jury, would be to hold that *may* is in that instance synonomous with shall, and that in all such cases it shall be the duty of the Court to summon a jury to assess damages. That would be a safe practice. I am not fully satisfied any other practice would not be erroneous. As the determining of this point is not necessary to decide this case, I make these suggestions that the point may be open for argument if it ever comes up in any other case.