## NANCY DONAGHY v. MARTHA M. GILL ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON
PLEAS OF BUTLER COUNTY.

Argued October 21, 1889—Decided November 11, 1889.

In an action upon a recognizance entered into in partition proceedings, no more can be recovered than is therein stipulated to be paid. If the plaintiff be in fact entitled to a larger amount, the recognizance must first be amended before the suit therefor can be maintained.

Before STERRETT, GREEN, WILLIAMS, MCCOLLUM and MITCHELL, JJ.

No. 27 October Term 1889, Sup. Ct.; court below, No. 28 June Term 1888, C. P.

On April 10, 1888, Nancy Donaghy brought assumpsit against Wm. H. Gill and Martha M. Gill his wife, filing a statement of claim in which was averred that the plaintiff was the widow of Joseph Donaghy, who had died leaving a will devising to the plaintiff all his "real and personal property to her for her lifetime, and what is left after her death, then the

balance of real estate and personal property to be divided equally with the children or legal heirs;" that the real estate of the testator was subsequently partitioned in the Orphans' Court of Butler county and divided into two parts, purpart No. 1 being awarded to Martha M. Gill, one of defendants, at the valuation of $3,822; that said Wm. H. Gill and Martha M. Gill had entered into possession of purpart No. 1, about April 9, 1884, and were still in possession of the same; that the plaintiff was entitled to be paid by defendants the interest upon the said sum of $3,822, at which said land had been awarded, but she had hitherto been paid but the interest on one third the said sum; claiming judgment for a balance of $487.20, with interest from April 1, 1888.

The defendants filed an affidavit of defence averring:

"Affiant alleges that all the right and title of Martha M. Gill, in purpart No. 1, in the partition of the real estate of Joseph Donaghy, deceased, her father, and all liability to any person or persons, by reason of her ownership of said property, arises from and on account of her being awarded said purpart by the order of the Orphans' Court of said county, in the partition of said estate. And the order of said court, under and by virtue of which she holds the said land, and under which all liability to plaintiff, if any, exists, was in the words following, to wit: 'April 9, 1884. The court award purpart No. 1 to Mrs. Martha Gill, at her bid of forty dollars per acre; she to enter into recognizance with surety, in the sum of five thousand dollars, for the payment of the widow and heirs of decedent of amounts to which they may be entitled by law; the amount payable to heirs to be paid with interest within one year.' And in pursuance of and in compliance with said order of court, the defendants entered into a recognizance in the sum of five thousand dollars with surety, conditioned for the payment to the widow, Nancy Donaghy, interest on the one third during life, and to the heirs as in said decree directed the two thirds payable within one year with interest. And within the year these defendants paid the two thirds due the heirs with interest, and have continued to pay the widow her interest under said decree and recognizance, and are not in arrears for any part of the same. And as all of plaintiff's cause of action is based and founded on said partition proceedings and the

decrees of the court therein, defendants deny that they are indebted to plaintiff in any sum whatever, as they have fully complied with all decrees and recognizances of said partition proceedings.

" Defendants further deny the right of plaintiff to maintain this suit in the manner and form in which it is brought, based as it is on said proceedings in partition, as their only remedy against defendants for any alleged liability by them, by reason of their acceptance and ownership of said purpart No. 1, is and must be, by proceedings on said recognizance. And the jurisdiction of this court in the manner and form in which it is invoked, is denied. And defendants deny generally, that they are indebted to plaintiff in any sum or sums whatever."

A supplemental affidavit of defence was filed which, raising questions immaterial here, denied the jurisdiction of the Orphans' Court to make the partition of said real estate. The plaintiff having taken a rule for judgment for want of a sufficient affidavit of defence, the court, HAZEN, P. J., without opinion filed, on November 12, 1888, made the rule absolute and entered judgment for the plaintiff for $504.25. Thereupon the defendants took this appeal specifying the order directing said judgment as error.

*Mr. James M. Galbreath* (with him *Mr. J. B. McJunkin* and *Mr. Clarence Walker*), for the appellants.

Counsel cited: Vowinckel v. Patterson, 114 Pa. 27.

*Mr. John M. Greer* (with him *Mr. Everett Ralston, Mr. John M. Thompson* and *Mr. Wm. Thompson*), for the appellee:

Counsel cited: Section 1, act of April 11, 1835, P. L. 199; Riddle's App., 37 Pa. 177; Hartman's App., 21 Pa. 488; Cubbage v. Nesmith, 3 W. 314; Bailey v. Commonwealth, 41 Pa. 473; Kidd v. Commonwealth, 16 Pa. 434; Rankin's App., 95 Pa. 366; Allen v. Reesor, 16 S. & R. 14; T. & H. Prac., §§ 1918, 2053; Ebbs v. Commonwealth, 11 Pa. 378.

OPINION, MR. JUSTICE GREEN:

We see no reason to doubt that the plaintiff is entitled to all the interest upon the valuation money of the purpart accepted by the defendants, but she is proceeding in this action upon

the recognizance given by the defendants in the Orphans' Court in the partition proceedings. That recognizance obliges the defendants to pay to the plaintiff only one third of the interest of the valuation money, and of course, in an action on the recognizance, no more can be recovered than is thereby stipulated to be paid. It is, however, perfectly clear that the recognizance should be amended or a new one made for the correct amount, and then, if the recognizors refuse to pay, the proper remedy can be speedily enforced. Upon the present state of the record, there can be no recovery for the whole of the interest, and therefore the judgment must be reversed.

The proper course for the plaintiff to pursue would seem to be to go into the Orphans' Court, and have the correct decree made. We say nothing on the question of jurisdiction, as it is not now before us; but perhaps, when the defendants reflect that if there is no partition the plaintiff is entitled to the exclusive possession of the land during her life as against them and all others, they may conclude that it is doubtful policy to raise that question. The alternative of an action of ejectment by their mother to recover possession and mesne profits, may be less pleasant than the prompt and full adjustment of her undoubted legal rights by their voluntary act.

Judgment reversed, and procedendo awarded.