98   19
103  808
104  627

## KAISER & BROTHER v. BROWN.

1. Under the practice prevailing in this State before the passage of the pleading act of 1893, the question of opening a default was a matter in the discretion of the court.

2. Under that portion of the act of February 28th, 1876, now incorporated in section 2781 of the code, when a bill of exchange or promissory note is left at any bank or banker's office for collection, it is necessary, in order to bind an endorser thereon, that there should be protest for non-payment and notice to him; and in an action brought against an endorser in such a case, there should be a verdict by the jury, and not a judgment by the court without a jury as upon an unconditional contract in writing, even though no issuable defense on oath has been filed.

November 15, 1895.

Complaint on note. Before Judge Sweat. Glynn superior court. May term, 1895.

Before the passage of the pleading act of 1893, suit was brought by Brown against Johnson as maker, and Kaiser & Brother as endorsers, upon a promissory note payable to Kaiser & Brother or order, and endorsed: "Pay to the order of J. N. Brown. A. Kaiser & Bro." "J. N. Brown." "For collection and remittance to the Ogdensburg Bank, Ogdensburg, N. Y. S. W. Leonard, cashier." The declaration alleged that the last two endorsements were made for the purpose of collection only. No plea or defense was filed at the appearance term, and the case was marked in default; for which reason the court refused, upon the call of the case at the next term, to allow a plea to be filed, and rendered judgment for the plaintiff for the amount due upon the note, without the verdict of a jury. Kaiser & Brother excepted upon the grounds indicated in the decision.

*Johnson & Krauss*, for plaintiffs in error.
*Crovatt & Whitfield*, contra.

ATKINSON, Justice.

1. Whatever may have been the effect of the passage of the pleading act of 1893 upon cases in default, the law is so well settled as to the practice prevailing in cases brought before its passage, that no discussion of the proposition announced in the first head-note *supra* is necessary.

2. The right of the superior court judges to render judgment without the intervention of a jury is limited to suits upon unconditional contracts in writing where no issuable defense is filed on oath. The contract of an endorser upon a promissory note or bill of exchange which is left at any bank or banker's office for collection, is to pay upon non-payment by the maker after protest and notice to him of such non-payment. This is a condition of liability, and hence, his liability not being absolute, he is not an unconditional promisor against whom, when sued alone without the maker, the court has jurisdiction, without the intervention of a jury, to enter a judgment; and this is true notwithstanding he makes no defense.

The court having erroneously entered judgment without a verdict as its basis, it should have been set aside and a new trial awarded. See *Everett* v. *Westmoreland*, 92 *Ga.* 670.

*Judgment reversed.*