# REPORTS OF CASES

# THE SUPREME COURT

## STATE OF NEVADA

### OCTOBER TERM, 1906.

[No. 1696.]

## THE STATE OF NEVADA, EX REL. JUAN LAUNIZA, RELATOR, *v.* THE JUSTICE COURT OF CARSON TOWNSHIP, RESPONDENT.

1. CERTIORARI—RETURN—RECORD—CONCLUSIVENESS. The affidavit of the attorney of defendant filed in the supreme court on *certiorari*, to review the action of a justice of the peace in refusing to transfer the case to the district court on the ground that title to real property was involved, which avers that defendant by oral answer in the justice court entered a general denial to the complaint, claiming damages for a trespass on lands alleged to be owned and possessed by plaintiff, does not show that there was oral answer where the record as certified by the justice fails to show that there was any answer.

2. JUSTICES OF THE PEACE—JURISDICTION—TITLE TO REAL ESTATE. In an action in the justice court for trespass on plaintiff's land defendant testified that, so far as he knew, the title to the land was in plaintiff. There was a failure to prove that plaintiff had the patent right to a particular eighty acres of land, but it was not shown that she did not have a prior possession thereto, nor did it appear whether the trespass was committed on all the lands claimed by plaintiff, or only on lands other than the eighty acres. *Held*, not to show that the right to real property was necessarily involved within art. VI, sec. 8 of the Constitution, providing that justice courts shall not have jurisdiction in cases where title to real estate is involved, and Comp. Laws, 3634, making it the duty of a justice in such case to certify the case to the district court.

3. JURISDICTION. Where plaintiff suing in the justice court for trespass on land gave no evidence of his title by patent, deed, prior possession, or otherwise, to any part of the land, the justice had jurisdiction to enter judgment for defendant for the costs, title to land not being involved.

4. TITLE. Where, in trespass on land, action brought in justice court, and plaintiff did not prove ownership to the land, and there was no evidence that the same belonged to a third person, and defendant made no claim to the land, title to land was not necessarily involved.

5. EVIDENCE—PROOF OF TITLE—OPINION. The testimony of the attorney for defendant who was sued in the justice court that, from an examination of the documentary evidence, it was apparent that defendant did not have title to all the lands, was not testimony of a fact, but the mere opinion of the attorney on a question of law, for the court's consideration and determination.

### ON REHEARING.

6. JUSTICES OF THE PEACE—REVIEW—CERTIORARI—REHEARING—AMENDMENT OF RECORD. Under Supreme Court Rule No. 8, providing that objections to the record affecting appellant's rights must be taken at the first term after the transcript is filed, a party seeking to review by *certiorari* a justice's judgment in an action for trespass on the ground that title to real estate was involved cannot, on rehearing, after the dismissal of the writ, introduce an amended record showing that a general denial of the allegations of the complaint by oral answer was entered in the justice's court.

7. JURISDICTION—TITLE TO REAL ESTATE. A justice of the peace cannot certify a case to the district court on the ground that title to real estate is involved, unless it appears by the verified answer or on plaintiff's own showing that title is involved.

ORIGINAL PROCEEDING. *Certiorari* by the State, on the relation of Juan Launiza, against the Justice Court of Carson Township, Ormsby County, State of Nevada. **Writ dismissed.** Petition for rehearing. **Overruled.**

The facts sufficiently appear in the opinion.

*Samuel Platt,* for Relator:

I. The docket of the justice of the peace in the case at issue shows that plaintiff filed his verified complaint, and that the defendant interposed an oral answer denying each and every allegation of the complaint. The fact that no written answer under oath was filed as a pleading by the defendant eliminates one question of jurisdiction from the consideration of this petition. If the answer of the defendant had been in writing and verified, that fact of itself would have raised the question of title to real property, and upon the pleadings themselves the justice would have been compelled under the law to have certified the case to the district court for trial. In this case, however, the defendant's answer

not having been in writing and verified, the question as to whether the title to real property was involved or not could only be determined upon the trial of the case. It is respectfully submitted that if, upon the trial of the case, "by the plaintiff's own showing, or by the evidence itself," title to real property became involved, it then and there became the duty of the justice of the peace to certify the case to the district court for trial. By the introduction of certain documentary evidence, the plaintiff by his own showing attempted to show title to the property over which the sheep are alleged to have trespassed. In order for the plaintiff to sustain his action it was necessary that he show title or possession, or right of possession, in and to the property specifically described in his complaint. The fact that his title was controverted by the answer of defendant placed the burden of proof upon the plaintiff to establish that title. He could only establish it by and through the means of evidence upon the trial of the case, and, when he attempted to do so, he could do nothing but impress the justice with the fact that the title to the property was a question necessarily involved in determining as to whether plaintiff had any ground for action or not. The record will also show that the defendant controverted by oral evidence plaintiff's title in said property, or at least his title to a portion of said property. By means of this evidence defendant directly involved the question of title, and the justice should have granted defendant's motion and certified the case to the district court.

II. The statute provides that no issue presenting a question involving the title to real property shall be tried by the justice. It seems clear that the issues here not only involve the question of damages for trespass, but are directly connected with the issue of title to or right of possession of the lands described in plaintiff's complaint. If plaintiff has no title or possession, certainly he has no cause of action for trespass. The title or possession is the basis of his action, and, if this title or possession is controverted, an issue of title is involved which prohibits the justice from proceeding with the trial of the case. "Under the mandatory provisions of section 838 of the code of civil procedure a justice court

has no jurisdiction to receive evidence upon, or try any issue involving the title or possession of real estate; and when any evidence is offered upon such an issue it is made the imperative duty of the justice to suspend all further proceedings, and to certify the proceedings, or a transcript of oral proceedings, from his docket to the clerk of the superior court." (*King* v. *Kutner-Goldstein Co.*, 135 Cal. 65.) "If a plaintiff, in order to sustain his action, is obliged to rely on and prove a possessory title, even to premises described in his declaration, a justice of the peace has no jurisdiction of the suit." (*Haven* v. *Needham*, 20 Vt. 183.) "In an action in a justice's court where defendant's statements show that the title to real estate is involved, it is the duty of the justice to certify the case to the circuit court." (*State ex rel. Houston* v. *Ganchorn*, 56 Mo. App. 519, 52 Mo. App. 220; *Sweek* v. *Galbreath*, 11 Or. 516.) "Whenever in a suit commenced before a justice of the peace, it appears from the pleadings or evidence or argument of the parties that the title to real estate will come in question, the suit must be dismissed for want of jurisdiction." (*Parker* v. *Bussell*, 3 Blackf. 411; *Smith* v. *Harris*, 3 Blackf. 416.) The question at issue upon the petition herein has never been squarely decided by the supreme court of this state. This court has held that in a case of malicious mischief no question of title is or could be involved. The court based its conclusions in that case upon the mandatory provision of the statute and of the constitution prescribing jurisdiction of justices of the peace over criminal cases, and therefore refused to oust the jurisdiction of the justice of the peace on account of this mandatory provision of the statute. This court has declared, however, that "where the trial of a case in a justice court involves a question of possession of real estate, the case should be transferred to the district court." (*Tull* v. *Anderson*, 15 Nev. 426.)

*Alfred Chartz*, for Respondent:

I. The complaint, *per se*, raises no question of title, and tenders no issue of right of possession to land. If it did, being exactly like the complaint in the case of *Dangberg* v. *Ruhenstroth*, 26 Nev. 455, the latter case would have been

decided differently. Comp. Laws, 780, under which the action was brought, says: "It shall be unlawful for any person or persons to herd or graze any live stock upon the lands of another," etc. The words "lands of another" make it incumbent upon the plaintiff to aver title, or else his complaint will fail to state facts sufficient to constitute a cause of action. Having to aver his title, he must prove it, or else his evidence will be insufficient to support the judgment. But these averments and proofs bring the title into question only incidentally, and do not bring the right of possession into question between the parties to the action. (38 Cal. 683; 66 Cal. 640.)

II.   Does the answer or the proofs tender an issue between the parties, plaintiff and defendant, as to the title of the lands described in the complaint, or the right of possession thereof?   The answer is oral, not sworn to, and is general, denying each and every allegation of the complaint. It is sufficient in nearly all cases arising in the justice courts, but is it sufficient to raise the question of title and right of possession of lands?   Comp. Laws, 3634, provides that the showing must be made under oath. So the answer in the case at bar is not better than a demurrer. "The defendant in the action in the justice court did not file any verified answer, as required by the statute cited. His answer was a general denial of the allegations of the complaint. It is true, he moved to transfer the action to the superior court, on the ground that the title to real property was involved. This did not oust the justice court of its jurisdiction. The justice was only called on to transfer the cause when a verified answer was filed, as required by the statute. The justice did not err, therefore, in proceeding with the cause." (*Schroeder* v. *Wittram,* 66 Cal. 641.)

III.   Did the testimony of the attorney for defendant raise any issue of title or right of possession to real property? Quoting from his affidavit: "Defendant's counsel has sworn and testified that, from an examination of the documentary evidence, it was evident that plaintiff did not have title to all of the lands involved, and that, upon the best of his information, knowledge and belief, the testimony introduced was not sufficient to establish title in and to the lands as alleged in

plaintiff's complaint." Again, quoting from *Schroeder* v. *Wittram*, 66 Cal. 639: "In his defense, the defendant gave no direct evidence of title. The burden of his defense was, that in his opinion the title was good. *But the opinions of witnesses as to the title of real property is not evidence of title.*"

IV.   Taking the entire scope of the case we find:

(1) That it is absolutely necessary to plead title, and to prove it, and that such plea and proof is only incidental to the right of recovery of damages for trespass of cattle, and in no wise involves the title or right of possession of real property.

(2) That the answer involved no issue of title or right to possession of real property, and that the opinion of witnesses as to the title to the real property is not evidence of title.

(3) That there is no proper or necessary party plaintiff or defendant in the proceeding.

(4) That the affidavit upon which the writ is based is insufficient, and that it is not made by the party beneficially interested, and defendant has not prosecuted his proper remedy.

*Samuel Platt*, for Relator, on rehearing:

I.   "The question of title is raised in an action of trespass before a justice of the peace if the plaintiff offers deeds in evidence of his right of possession, or claims such right under a third person, whose ownership he proposes to show." (*Gay* v. *Hults*, 55 Mich. 327; *Jakeway* v. *Barrett*, 38 Vt. 316; *Ostrom* v. *Potter*, 71 Mich. 44; *Orris* v. *Kempton*, 105 Mich. 229; *Lane* v. *Young*, 66 Hun, 563.) In the case at bar, plaintiff's possession was not an actually alleged possession, but merely constructive, based upon an alleged title to the lands in question. It was necessary to establish her title in order to prove possession, and the respondent had no jurisdiction under the constitution and laws of the State of Nevada to hear testimony tending to establish said title. (Am. Digest, vol. 31, col. 935, sec. 85, and authorities therein cited; *Hillman* v. *Stanger*, 49 N. J. Law, 191.) In trespass cases in justice courts, if the defendant offers not to prove title in himself, but to prove lack of title in plaintiff, the

action under section 25 of the small-cause act should be dismissed. (*Edgar* v. *Anness*, 47 N. J. Law, 465.)

By the Court, TALBOT, J.:

Martha H. Blackwell brought suit in the Justice Court of Carson Township against Juan Launiza claiming damages for the herding of sheep on lands alleged to be owned and possessed by her and her assignors.

The affidavit of relator's attorney filed in this court states that by oral answer defendant entered a general denial to the allegations of the complaint, but the record as certified by the justice of the peace fails to show that there was any answer, either oral or written, verified or unverified, questioning plaintiff's title to the lands. She recovered a verdict and judgment for $75 and for costs and attorney's fees. Patents, state contracts, and deeds introduced in evidence by her on the trial indicated that she was the owner of several hundred acres of the land, but there was a deed to her from Clara Sweeney, given three years previously, for eighty acres, for which the latter was not shown to have had any patent, contract, right, or title. It appears from the record that defendant in that action, who is relator here, testified so far as he knew the title to the lands was in the plaintiff and that he was not aware of any omission in her title. Defendant's counsel was sworn as a witness, and stated from an examination of the documentary evidence it was apparent that plaintiff did not have title to all the lands. Thereupon, the attorney for the defendant renewed a motion to certify the case to the district court for trial upon the ground that the title to real property was necessarily involved in the determination of the action, and that the justice court had no jurisdiction under section 3634 of the Compiled Laws.

The proceeding here is brought to review the action of the justice court in refusing to certify the case to the district court for trial and the question for determination is whether the title to real property was necessarily involved so as to deprive the justice court of jurisdiction. Section 8 of article VI of the Constitution of Nevada provides that justice courts shall not have jurisdiction "in cases wherein

the title to real estate or mining claims, or questions of boundaries to lands are involved," and section 3634 of the Compiled Laws: "The parties shall not be at liberty to give evidence upon any question which involves the title to, or the right of possession to, or the possession of, real property or mining claims, or upon any question involving boundaries to land, or the legality of any tax, impost, assessment, toll, or municipal fine, nor shall any issue presenting such question be tried by the justice; and if it appear from the plaintiff's own showing on the trial, or from the answer of the defendant, verified by his oath, that the determination of the action will necessarily involve either of such questions, the justice shall suspend all further proceedings in the action, and certify the pleadings, or, if the pleadings be oral, a transcript of the same, from his docket to the district court for the county; and from the time of filing such pleadings or transcript with the clerk of the district court, such district court shall have over the action the same jurisdiction as if it were originally commenced therein." It is not pretended that a verified answer was filed and the affidavit is insufficient to show that there was an oral answer questioning plaintiff's right to the lands, for the proceedings in the lower court are required to be established by the record as certified. (*Alexander* v. *Archer*, 21 Nev. 32, 24 Pac. 373.)

We need not determine whether, in the absence of an issue raised by answer, evidence could be introduced on the trial to show a conflict in regard to the title. It is sufficient for the purposes of the case to say that if it could be so introduced and considered, the evidence submitted did not show that the right to real property was necessarily involved. There was a failure to prove that the plaintiff and her grantor had the patent right to this particular eighty acres, but it is not shown that she did not have a prior possession which would have raised sufficient presumption of her ownership in the absence of patents and deeds. Nor does it appear whether the trespass was committed on all the lands claimed by the plaintiff, or only on lands other than this eighty acres, which would not necessarily involve the title to the latter. If evidence may be considered for any purpose when no issue

is properly shown, we may distinguish between absence of proof and conflict in evidence, and conclude that the failure of the plaintiff to prove ownership by patent to part or all of the land did not make it necessary to have the case certified to the district court. If she had failed to introduce evidence of her right by patent, deed, prior possession, or otherwise, to any part of the land, the justice court would still have had jurisdiction to enter judgment in favor of the defendant for costs. If she did not prove ownership by prior possession when she had not connected herself with the patent right, then there was no proof that the land belonged to her, and, there being none that the land belonged to any one else, such failure of proof did not raise any conflict in the evidence, and did not show that the title was necessarily involved when the defendant, as a witness, made no claim to the land nor contention that it belonged to any third person, and his conduct and testimony were more nearly tantamount to an admission that plaintiff was the owner. The defendant's attorney did not testify to any new facts, but in regard to his opinion as to whether the evidence required the certification of the case, a matter of law for the court. *Oregon Short Line R. Co.* v. *District Court* (Utah), 85 Pac. 362, 363, and cases there cited, are instructive regarding the proposition here involved.

It is ordered that the writ be dismissed, and that the papers certified from the justice court be returned to that tribunal.

FITZGERALD, C. J.: I concur.

NORCROSS, J., concurring:

I concur in the order dismissing the writ. If the transcript of the justice's docket had shown that an oral answer had been filed denying plaintiff's allegations of ownership or right of possession, then, in my judgment, it would have appeared that an issue was raised requiring proof upon the part of plaintiff to establish her allegations of title or right of possession, and such proof the justice, under the provisions of the statute, would not have jurisdiction to hear. His duty then would have been to have certified the case to the district court. (*King* v. *Kutner-Goldstein Co.*, 135 Cal.

65, 67 Pac. 10.) While the justice did hear testimony upon the question of title, I think it was improper for him to have done so, and such action might have been sufficient to have supported a conclusion that the title or right of possession of real property was involved in the action, did not the testimony of the defendant, practically conceding plaintiff's title, negative such a conclusion.

## ON REHEARING.

By the Court, TALBOT, J.:

Upon the rehearing the attorney for the relator asked to introduce an amended record showing that a general denial of the allegations of the complaint by oral answer was entered in the justice court. We think he ought not to have waited until after the argument and the rendition of our decision, and that the objection of respondent that the offer comes too late is well taken under the following rule 8: "Exceptions or objections to the transcript, statement, the undertaking on appeal, notice of appeal, or to its service or proof of service, or any technical exception or objection to the record affecting the right of the appellant to be heard on the points of error assigned, which might be cured on suggestion of diminution of the record, must be taken at the first term after the transcript is filed, and must be noted in the written or the printed points of the respondent, and filed at least one day before the argument, or they will not be regarded."

When a party assigns errors, it is incumbent on him to see that the record is in the condition in which he is entitled to have it. If he proceed upon an imperfect transcript, and the judgment of the court is against him, he cannot as a matter of right claim a *certiorari* to the inferior tribunal. Suggestions of imperfections in records must be seasonably made and in conformity to the rules of practice, or they will be denied. The court and suitors are bound by its rules, and they should be construed as statutes would be construed. (*Merchants' Nat. Bk.* v. *Grunthal*, 39 Fla. 388, 22 South. 685, and cases there cited.) Although constrained to so hold, we would do so with reluctance if we did not believe that the correction of the record could make no difference in the result.

The statute does not direct the justice court to certify the case to the district court on the entering of a general denial by oral answer, but only when it appears by the filing of a verified answer or upon the plaintiff's own showing that the title to real property is necessarily involved. It is conceded that under the constitution and statute, to which reference is made in the opinion, the justice of the peace is without jurisdiction to try cases in which such title is involved, and the question presented pertains rather to the manner in which, as a matter of practice, it may be shown that the title is necessarily involved so as to warrant the certification of the case to the district court. Under a well-known rule of construction it may be held that the later qualify the prior words in the statute, and that the case can only be certified when it appears by the verified answer or on the plaintiff's own showing that the title is necessarily involved. It would seem that the legislature may properly require, and have required, the showing to be made in one of these ways as a matter of good faith. The provision is similar in theory to that in some states which require the defendant to give notice and a bond when he desires to have the case certified away from the justice court.

If the plaintiff in an action alleges that he is the owner of a piece of land, the mere entry of an oral denial does not warrant the certification of the case, unless the courts legislate words into the statute which it does not contain, and at the same time nullify the force of the provision that the case may be removed when it appears by a verified answer or by the plaintiff's own showing that the title is involved, for this provision would be surplusage if the mere entry of an oral denial requires removal of the case. Oral and unverified answers may be, and often are, entered for delay, and not seriously. They may be easily made when the defendant has no *bona fide* contention regarding the title, and to hold that they are sufficient to require the certification of the case would often lead to its removal when there is no proper issue for the district court to try under its original jurisdiction, and enable overcontentious attorneys to unnecessarily delay and annoy opposing litigants and trifle with the

courts. Hence the provision for a verified answer is a wise one, and ought to be enforced. Nor would the introduction of evidence by the plaintiff, such as deeds or patents indicating that he held the title, and which were not conflicting, show that the title was involved or that there was any real controversy regarding it for the district court. This construction does not deprive the defendant of any rights, for, if he has, or believes he has, any real claims against the plaintiff's assertion of title, he may easily file the verified answer or introduce some conflicting evidence to show his good faith, and that the title is really involved, and thereby require removal of the case.

When the defendant or his attorney took the stand on the trial and testified that, so far as he knew, the title to the lands had always been in the plaintiff, there was an admission and an estoppel, which, regardless of any pretense to the contrary in the oral answer, indicated that there was no *bona fide* contention that the title was in defendant or in any one other than the plaintiff, or which required the removal of the case to the district court. It should not be demanded of any tribunal to try, or to have certified to it for trial, any matter which is not *bona fide* in contention. On the same principle courts refuse to determine cases which have been settled by the parties.

The order heretofore entered directing that the writ be dismissed, and that the papers be returned to the justice court, is approved.

FITZGERALD, C. J.: I concur.

NORCROSS, J., dissenting:

I am unable to concur in the opinion of the court in this case. The court having granted a rehearing, the proceeding was in the same condition it was before hearing had. Prior to the argument on rehearing the court's attention was directed to the fact that respondent had, by mistake, failed to certify a complete transcript upon the return of the writ, and a correct transcript, duly certified, was presented for the consideration of the court. I think it was the duty of the court, under these circumstances, to have proceeded with the

consideration of the case upon the corrected record. (Comp. Laws, 3538.) The corrected transcript of the justice's record shows that an oral answer, denying all the allegations of the plaintiff's complaint, was filed. My views of the law, upon the record as thus presented, are briefly expressed in my concurring opinion rendered upon the original hearing in this case.