[No. 1857]

SYMONS–KRAUSSMAN COMPANY, a CORPORATION, APPEL-
LANT, v. RENO WHOLESALE LIQUOR COMPANY, a
CORPORATION, RESPONDENT.

1. PLEADING—DEFENSES TO BE ASSERTED BY DEMURRER OR ANSWER.
    Under civil practice act, sec. 38 (Comp. Laws, 3133), which pre-
    scribes the pleadings on the part of plaintiff and defendant, where a
    document styled a "motion" was filed by defendant asking that the
    complaint be dismissed for reasons set forth therein, asserting a
    defense which could only be asserted by demurrer or answer, it should
    have been dismissed as having no legal standing, and not merely
    denied.

2. CORPORATIONS—COMPLAINT—DISMISSAL—DAY IN COURT—FOREIGN CORPO-
    PORATION.
    Where a complaint alleged that plaintiff was a corporation organ-
    ized under the laws of a foreign state, it was reversible error to dis-
    miss the complaint on a motion to set it aside on the allegations
    therein, since whether plaintiff was entitled to do business in the
    state was a matter on which it was entitled to be heard and to have
    a day in court before its action was summarily dismissed.

3. EVIDENCE—JUDICIAL NOTICE.
    Nor was the unsworn motion of defendant's attorney to dismiss the
    complaint upon the allegations thereof sufficient to warrant the court
    in taking such judicial notice of such motion as to deprive plaintiff of
    its constitutional right of being heard upon the merits of the motion,
    in a proper proceeding, as to whether it had complied with the law
    before doing business in the state.

APPEAL from the District Court of the Second Judicial Dis-
trict of the State of Nevada, Washoe County; W. H. A. Pike,
Judge.

Action by the Symons-Kraussman Company, a corporation,
against the Reno Wholesale Liquor Company, a corporation.
From an order opening a default judgment in favor of plaintiff
and dismissing the complaint, plaintiff appeals. **Affirmed in
part, and reversed in part.**

The facts sufficiently appear in the opinion.

*Albert D. Ayres*, for Appellant.

*G. W. Shutter-Cottrell*, for Respondent.

By the Court, SWEENEY, J.:

This action was instituted on the 9th day of June, 1909, in
the Second Judicial District Court of the State of Nevada, in

and for the County of Washoe, to recover the sum of $503.50, alleged to be due for goods, wares, and merchandise ordered, at the instance and request of defendant, from the plaintiff.

Thereafter, on the 19th day of June, 1909, the defendant, through its attorney, filed in said district court a document, styled a "motion," in which it was asked that the court dismiss the complaint for reasons set forth therein. This document was evidently mistaken by the attorney for the defendant as the proper pleading to raise specified defects in plaintiff's complaint which should have been raised by demurrer or answer as provided by our civil practice act. As section 38 of our civil practice act (Comp. Laws, 3133) prescribes the pleadings on the part of plaintiff and of the defendant, it is needless to add that this document, for the purpose it was intended to serve, in asserting a defense which could only be raised by demurrer or answer, in itself had no legal standing and should have been dismissed. The lower court, however, in its indulgence treated said document as a motion, and later on, upon motion of the attorney for the plaintiff, properly denied the relief asked in the so-styled "motion" of defendant, because it did not comply with rule 10 of the district court. This paper, styled and treated as a "motion," having been denied, and no styled answer or demurrer having been interposed by defendant within the legal time prescribed by law, upon a proper application of attorney for plaintiff, defendant's default was duly entered, and judgment thereupon rendered in favor of plaintiff as prayed for in its complaint. Thereafter on the 14th day of July, 1909, defendant filed and served the following notice of motion: "To Symons-Kraussman Company and Albert D. Ayres, attorney for plaintiff: Take notice, that upon the affidavits, copies of which are herewith served, and court files of the case, I will move said court at the county court-house, on the 20th day of July, 1909, at the hour of 10 o'clock a. m. of said day, or as soon thereafter as counsel can be heard, that the judgment entered by default against the defendant in this action, and all subsequent proceedings therein, be set aside, for the reasons following: That said judgment was obtained through mistake and fraud on the part of the plaintiff, and that the defendant and its attorney

were prevented from appearing in said cause on the part of the plaintiff; that defendant has a good defense to said cause of action, and that no notice of said default judgment was given to the defendant by the plaintiff. G. W. Shutter-Cottrell, attorney for defendant." Supplemental to this notice were filed affidavits of J. S. Correcco, president of the defendant corporation, and by G. W. Shutter-Cottrell, attorney for defendant.

A review of the record discloses very clearly that the judgment could not be opened upon the ground of fraud, as there is no basis for that contention, and no facts attempted to be pleaded setting forth wherein any fraud was committed. While there is a serious question in our minds as to whether or not the showing made by defendant's attorney is sufficient in law to have warranted the court in setting aside the default judgment in this case upon the statutory ground of mistake, yet, in view of the affidavits supplemental to the motion to set aside the judgment and default, and the wide power of discretion vested in trial courts on motions of this character in furtherance of justice, we affirm the order of the court in opening the default judgment, but we think the court clearly erred when it ordered the complaint of plaintiff dismissed.

The question of whether or not the plaintiff corporation was entitled to do business in this state is a matter wherein the plaintiff was entitled to be heard and to have its day in court before its action was summarily dismissed upon the showing made in the present case. The following allegations of plaintiff's complaint: " (1) That plaintiff is a corporation organized and existing under and by virtue of the laws of the State of New York. (2) That defendant is a corporation organized and existing under and by virtue of the laws of the State of Nevada. (3) That commencing about January 27, 1909, and ending about March 6, 1909, the plaintiff sold and delivered to defendant, at defendant's instance and request, and defendant bought and received of plaintiff, goods, wares, and merchandise of the reasonable value of $718.50. (4) That no part of said sum of $718.50 has been paid except the sum of $215, which was paid by defendant to plaintiff on or about May 25, 1909"—are not sufficient to

warrant the court in dismissing the action of a foreign corporation, upon a motion of the character of the one interposed in this case, without first giving that corporation the right to have its day in court and to be heard as to whether or not it is guilty of any such transgression or laches of the law of March 20, 1907, as would deprive it of the right to sue in courts of our state.

The unsworn motion of the attorney for defendant, moving to dismiss the plaintiff's complaint, upon the allegations in said complaint, was not sufficient to warrant the court in taking such judicial notice of said unsworn motion of the attorney for the defendant as to deprive the plaintiff of its constitutional right of being heard upon the merits of the motion in a proper proceeding as to whether or not it had complied with the law in question before doing business in this state. There is nothing in the motion of the attorney for defendant, nor in the pleadings, to show that the goods, wares, and merchandise alleged to have been ordered, at the instance and request of defendant, and delivered by plaintiff and not paid for, may or may not have been ordered before the enactment of the law above mentioned. Neither can it be said, from the complaint on file, that the defendant may not have ordered and purchased the goods from the New York corporation in the City of New York. Nor do we think it can be said, from an examination of the complaint on file, that the plaintiff has not complied with the provisions of the law in dispute. Neither can it be said, until the facts are properly presented before the court, when the issue is properly raised, as to whether or not the goods, wares, and merchandise may not have been ordered by mail and within the provisions of the interstate commerce act. The question of whether or not the act mentioned is constitutional or unconstitutional is not properly before us on this appeal, and it will be ample time to consider that question, after the hearing of the issue when joined as to whether or not the plaintiff corporation was "legally doing business" within this state, if said question is raised and presented on an appeal perfected to this court.

The plaintiff is certainly entitled to its day in court to answer the objection raised by defendant's attorney, before its

complaint can be summarily dismissed, as was done in this case, and to show, if it can, that it was properly doing business within this state and entitled to enforce its lawful demands in our tribunals provided by law.

The judgment of the lower court, in so far as it dismisses the complaint, is reversible error.

It is therefore ordered that the judgment of the lower court, in so far as it dismisses the action of the plaintiff is concerned, is hereby reversed, with the order that the defendant have ten days, or such other reasonable time as the lower court may allow, after the forwarding and filing of the remittitur in this case, within which to interpose any legal defenses it may have in resistance to the demands of the plaintiff's complaint.