[No. 2358]

STATE OF NEVADA, Ex Rel. R. H. JONES, AND
JANE DOE JONES, His Wife, Petitioners *v.*
WILLIAM BONNER, Justice of the Peace
of Spragg Township, Lyon County, Nevada,
Respondent.

[181 Pac. 586]

1. Justices of the Peace—Certiorari—Review—Jurisdiction—
Record—Presumptions.
    Judgment of a justice of the peace against defendants will
be held void on certiorari, record or files of the case not
affirmatively showing summons was served or that defendants
appeared, nothing being presumed in favor of jurisdiction of
courts of limited jurisdiction, and it not being permissible to
consider affidavits that summons was in fact served.

Original proceeding in certiorari by the State, on
the relation of R. H. Jones and another, against William
Bonner, Justice of the Peace. **Judgment set aside.
Rehearing denied.**

*R. L. Waggoner,* for Petitioners:

The justice of the peace had no jurisdiction at the
time to hear the case and enter the judgment. The
record fails to show that summons was served on either
of the defendants. The affidavit of service filed by the
officer is insufficient. Rev. Laws, 5022. "Nothing can
be presumed in favor of the jurisdiction of a justice of
the peace. The statutory provisions for acquiring juris-
diction must be strictly pursued." Victor M. & M. Co. v.
Justice Court, 18 Nev. 21. "There is no presumption in
favor of jurisdiction of justices of the peace. Little v.
Currie, 5 Nev. 90; Whitewell v. Barbier, 7 Cal. 54;
Keybers v. McComber, 7 Pac. 838.

It is not permissible to add to the return by parol evi-
dence. "The general rule is well settled that parol evi-
dence is ordinarily inadmissible to contradict or vary a
judgment, decree, or record of court expressed in plain
and unambiguous language." Elliott on Evidence, vol. 1,
par. 618; Bays v. Trulson, 35 Pac. 26; Underhill on Evi-
dence, sec. 390; Jones on Evidence, sec. 343.

*H. Pilkington,* for Respondent.

By the Court, COLEMAN, C. J.:

This is an original proceeding in certiorari to inquire into the jurisdiction of the justice of the peace of Spragg Township, Lyon County, to render a certain judgment in favor of Mrs. J. Bean and against R. H. Jones and Jane Doe Jones, his wife. The record of the justice of the peace relative to the case, as certified to this court, is as follows:

"Complaint filed; summons issued; affidavit for attachment filed; undertaking for attachment filed; writ of attachment issued; affidavit for arrest filed; undertaking for arrest filed; order of arrest indorsed in summons; docketing case; judgment entered in the above-entitled case for plaintiff for amount prayed for in the sum of $30 and attorney fee of $15, and costs of this action taxed to defendant. E. A. Blanchard, Acting Judge.".

Section 5732 of the Revised Laws of 1912, as amended (Stats. 1913, p. 360), provides how and by whom a summons may be served, and also makes provision for the return showing service thereof. It will be seen from a perusal of the record of the justice of the peace that, so far as appears therefrom, no service of summons had been made upon either of the defendants at the time the judgment was rendered, nor is there in the files sent up by the justice of the peace the original summons showing service thereof; nor does the record show that the defendants appeared in the action. It is an ancient rule that nothing is presumed in favor of the jurisdiction of courts of limited jurisdiction. That such a court has jurisdiction must affirmatively appear; and, unless it does so appear, judgment by such a court is void for want of jurisdiction. This is not a new question in this state. It was before the court in 1866, and the court then held that such a judgment as is here involved was void, as the court was without jurisdiction. McDonald v. Prescott & Clark, 2 Nev. 109, 90 Am. Dec. 517. It would be a waste of time to enlarge upon this point. See, also, 16 R. C. L. 367; 24 Cyc. 497.

We may say that there are different affidavits on file in this court to the effect that the summons was in fact served. These we cannot consider. This case shows the importance of attorneys giving their personal attention to the preparing of and superintending the making of returns in suits in justices' courts. In this proceeding counsel for petitioners admit the indebtedness. It may be that the officer who made the service of the summons —if in fact any was made—can now make his return showing service of summons, thereby giving the justice of the peace jurisdiction to proceed. But as to this we express no opinion.

It not appearing from the record and files of the case mentioned that the justice of the peace had jurisdiction to consider the same, it is ordered that the judgment rendered in said justice's court in favor of Mrs. J. Bean and against R. H. Jones and Jane Doe Jones, his wife, be, and the same is hereby, declared null and void, and is hereby set aside, and that relators have and recover their costs.

ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.