## EX REL. LEVY & ZENTNER CO. *v.* JUSTICE COURT
### No. 2687
February 21, 1925.                              233 Pac. 40.

1. COURTS—NO PRESUMPTION IN FAVOR OF JURISDICTION OF COURTS OF LIMITED JURISDICTION.

    Nothing is presumed in favor of jurisdiction of courts of limited jurisdiction, and it must be made to appear affirmatively that such a court has jurisdiction before it can render a valid judgment.

2. JUSTICES OF THE PEACE—JUDGMENT VOID AS ORIGINALLY RENDERED NOT VITALIZED BY AMENDMENT SUBSEQUENTLY MADE.

    Where judgment as originally rendered and amended in justice court was void, in that a showing of jurisdiction did not appear from original return on service made by constable, it could not be vitalized by amendment subsequently made.

3. JUSTICES OF THE PEACE—JUDGMENT HELD VOID, WHERE NO JURISDICTION ACQUIRED OVER DEFENDANTS.

    Judgment in action instituted in justice court, both as originally rendered and as amended, was void, where it did not appear that court ever acquired jurisdiction over defendants, and hence no valid execution could be issued thereon.

4. JUSTICES OF THE PEACE — STATUTE HELD NOT TO AUTHORIZE JUSTICE TO AMEND JUDGMENT, WHERE NO TRIAL WAS HAD.

    Civil practice act, sec. 61, did not authorize a justice of the peace to amend a judgment which was void for lack of jurisdiction over defendants, where there was no trial in the case.

5. JUSTICES OF THE PEACE—JUSTICE HELD TO ACQUIRE JURISDICTION TO PROCEED ON COMPLAINT BY APPEARANCE OF DEFENDANT AND TENDER OF ANSWER.

    Justice of the peace acquired jurisdiction to proceed on plaintiff's complaint filed therein, though no jurisdiction was acquired over defendant by service of process, where defendant appeared and tendered its answer to complaint.

See (1) 15 C. J. sec. 150, p. 833, n. 44; sec. 162, p. 842, n. 3; (2, 3, 4, 5) 35 C. J. sec. 163, p. 585, n. 44; sec. 284, p. 657, n. 53, 54; sec. 307, p. 678, n. 48.

CERTIORARI by the State, on the relation of the L. Levy & J. Zentner Company, against the Justice Court of Reno Township, in and for the county of Washoe, and Charles E. Bull, Justice of the Peace. **Writ granted, and proceedings before justice modified.**

*M. B. Moore,* for Petitioner:

Complaint referred to defendant as two individuals. Original judgment was against them and "each of them." Attempted amendment to judgment was entered against

"A. Levy & J. Zentner Co., a Corporation." Good pleading requires defendant or defendants be designated in capacity in which judgment is sought. Complaint states no cause of action against copartnership, an individual or corporation. Judgment is nullity. Bliss Code Pleading, secs. 246, 247; Freeman on Judgments (3d ed.), 141; Daniels v. Daniels, 12 Nev. 118.

Verdict does not cure entire absence of material averment. Richards v. Insurance Co., 22 Pac. 939; 3 Sutherland Code Pleading (1910 ed.), sec. 3478.

Service on resident business agent was defective whether suit be against copartnership, association, corporation or individual. Rev. Laws, 5007, 5023.

Even if service were legal, judgment is void because no proof of service was taken. Rev. Laws, 6754.

After judgment was entered court lost all control over it, the court not being one of record or having any term. Wong Kee v. Lillis, 138 Pac. 900. Amendment which changes parties to suit cannot be made. Little v. Water Co., 9 Nev. 317.

Rev. Laws, 5800, provides manner in which justice's docket shall be kept. Entries must be made at the time they occur. Rev. Laws, 5801. Such entries are prima facie evidence of facts so stated. Freeman on Judgments (3d ed.), secs. 72, 72A, 125.

Judgment entered against firm cannot afterwards be corrected to show it was in full against firm but also against particular defendant as member of firm, where it does not appear court intended to enter judgment against defendant individually. State ex rel. Pac. Sur. Co. v. Court, 226 Pac. 1106.

*James D. Finch,* for Respondents:

Complaint was filed against parties in same name as that used by them in contract sued upon. Rev. Laws, 5003; Fletcher Cyc. Corp. sec. 336.

When plaintiff is ignorant of name of defendant, he may use any name; when true name is discovered, pleading or proceeding may be amended accordingly. Rev. Laws, 5085.

"Proceeding" is any step in case. Sherman v. S. P. Co., 31 Nev. 285.

Plaintiff need not prove corporate existence unless denied in verified answer. Rev. Laws, 5079.

Generally, allegation of corporate existence of defendant foreign corporation is not necessary. Fletcher, sec. 6016.

Allegation in proposed answer that defendant is corporation cures defect in complaint. Storer v. Graham, 116 Pac. 1011.

Allegation in complaint of corporate existence of defendant corporation is not essential to jurisdiction over either person of defendant or subject matter. Failure to state cause of action does not affect jurisdiction. Crouch v. Miller, 146 Pac. 880.

Service is good if made on managing or business agent of foreign corporation doing business in state. Rev. Laws, 5023. Daly v. Lahontan Mines Co., 151 Pac. 514; Fletcher, sec. 6035.

Return by constable is prima facie proof. Cardwell v. Sabichi, 59 Cal. 490.

Recitals in record establish jurisdiction. Eitel v. Foot, 39 Cal. 439.

Officer may amend return to show true mode of service. 61 Am. St. Rep. 485; Herman v. Santee, 103 Cal. 519.

Application to vacate default must be made within ten days. Rev. Laws, 5742.

Court had right to correct name without notice to adverse party when advised of true name. Rev. Laws, 5084–85.

Judgment may be entered in name shown at trial. Rev. Laws, 5003.

A judgment is a proceeding. Sherman v. S. P. Co., supra.

Where decree is defective in not designating defendants who are personally liable for debt, and record shows who they are, court has power to amend judgment at any time by adding clause designating them. Leviston v. Swan, 33 Cal. 480.

If corporation fails to plead misnomer and suffers judgment to be obtained it is concluded. Corporation intended to be named is affected as if properly named. Hoffield v. Bd. Education, 7 Pac. 216.

## OPINION

By the Court, COLEMAN, C. J.:

This is an original proceeding in certiorari to review the proceedings of the justice's court for Reno Township, Washoe County, Nevada, and Charles E. Bull, as justice of the peace.

On the 20th of November, 1924, an order was entered by this court directing the respondents to certify all the proceedings in the suit hereinafter mentioned to this court, and that respondents "desist from proceeding in the matter so to be reviewed, and that execution be stayed in said cause."

The records of the respondents show that on or about April 1, 1924, one L. A. Murphy filed with said court a complaint in an action entitled "L. A. Murphy, Plaintiff, v. A. Levy & J. Zentner Co., Defendants," wherein the plaintiff sought to recover a balance alleged to be due from the "defendants" for goods, wares, and merchandise sold in the sum of $267.98. On the same day the justice issued a summons in regular form, showing a return by the constable reading as follows:

"I hereby certify that I received the within summons on the 1st day of April, 1924, and personally served the same by delivering to and leaving with W. E. Luce, Jr., resident business agent of the defendant named herein, personally, a true copy of this summons, in Reno Township, Washoe County, this 1st day of April, 1924.

T. F. Murray, Constable."

On April 9, 1924, no appearance having been entered to resist said action, the respondents entered a default and judgment in the following words:

"Judgment is hereby rendered and entered in favor of the plaintiff, and against the defendant A. Levy and J. Zentner (and each of them) in the sum of $267.98 * * * "

On April 12, 1924, an execution was issued in favor of L. A. Murphy and against A. Levy & J. Zentner Company, a corporation, in the sum of $267.98 and costs, pursuant to which certain property was levied upon.

Thereafter the petitioner herein made a motion in the respondent court to vacate and set aside the judgment rendered, which motion was denied, and at the same time petitioner tendered an answer to the complaint.

On July 31, 1924, the respondents amended, or undertook to amend, the judgment so as to constitute it a judgment against this petitioner as a corporation instead of against A. Levy and J. Zentner as individuals.

1. It has been held repeatedly by this and other courts that nothing is presumed in favor of the jurisdiction of courts of limited jurisdiction, and that it must be made to appear affirmatively that such a court has jurisdiction before it can render a valid judgment. State ex rel. Jones et ux. v. Bonner, Justice of the Peace, 43 Nev. 95, 181 P. 586.

2. Counsel for respondents concedes that such showing does not appear from the original return made by the constable. With a view of curing the jurisdictional defect, the constable amended his return on the 8th day of December, 1924, after this proceeding was initiated, in defiance of the order of this court staying all proceedings. The judgment being void as originally rendered and as amended, it could not be vitalized by amendment subsequently made.

3. It is clear that the so-called judgment, both as originally rendered and as amended, is void, and that no valid execution could be issued thereon.

4, 5. Counsel for respondents contends that, pursuant to section 61 of our civil practice act (Rev. Laws, sec. 5003), the respondent had authority to amend the judgment after the filing of the motion to vacate and the tendering of the answer. The section mentioned reads:

"In all actions brought on contract, the defendants may be sued by the name or style under which the contract was made, and upon its being shown on the trial who are the persons of whom the name or style are

descriptive, judgment may be rendered against them."

From no standpoint can this provision aid respondents. It pertains to cases in which there was a trial. There was no trial in this case. By the appearance of this petitioner and the tendering of its answer to the complaint the respondents acquired jurisdiction to proceed in an orderly way thereupon; hence the court now has jurisdiction to try the case.

It is ordered that the former order of this court be modified so as to allow the respondents to proceed, save and except as to the so-called judgment, and amended judgment, and the execution issued thereupon, and as to them all further proceedings are hereby ordered stayed. Petitioner to recover costs.