CAMINO ET AL. *v.* LEWIS, JUSTICE OF THE PEACE

No. 2885

February 17, 1930.                    284 P. 766.

*Howard E. Browne,* for Relators:

*Edgar Eather*, for Respondent:

## OPINION

By the Court, SANDERS, J.:

This is an original proceeding in certiorari. The facts in brief are these:

On July 12, 1929, Martin Ferguson filed his verified

complaint in the justice's court of Eureka township for Eureka County against Mike Camino and John Yturbide to recover judgment for $200 actual damages, $100 exemplary damages, and, in addition thereto, the sum of $200 attorneys' fees, for an alleged trespass by defendants' sheep upon the land of plaintiff, situate in Eureka County, whereby the grass, herbage, and browse thereon was consumed and destroyed. Summons was duly issued and served personally upon the defendant Camino in Lander County by the sheriff of that county. On July 27, 1929, the defendants appeared specially and filed a motion to dismiss the action upon the ground that the court had no jurisdiction over the persons of defendants and of the subject matter, in that the summons was served upon defendants in Lander County and that the land upon which the defendants' sheep are alleged to have trespassed is situate in Lander County and not Eureka County. The motion to dismiss was not set for hearing, and, while pending and undisposed of, on, to wit, August 7, 1929, on motion of the attorney for plaintiff, defendants' default for failure to appear and answer the complaint within the time prescribed by law was entered. On the same day, on motion of said attorney, the following judgment was entered:

"In this action the defendant, Mike Camino, and John Yturbide, having been served with process, and having failed to appear and answer the plaintiff's complaint filed herein, and the legal time for answering having expired, and no answer or demurrer having been filed, the default of said defendants, Mike Camino, and John Yturbide, in the premises having been duly entered according to law;

"Now, at this day, on application of Edgar Eather, attorney for said plaintiff, it is hereby ordered that judgment be entered herein against the said defendants, in accordance with the prayer of said plaintiff's complaint on file herein.

"Wherefore, by reason of the law and the premises aforesaid, it is ordered, adjudged, and decreed, that

Martin Ferguson, plaintiff, do have and recover of and from the said defendants, Mike Camino and John Yturbide, the sum of $300.00 in U. S. lawful money, with interest thereon at the rate of 7 per cent annum from the date hereof until paid; together with attorneys fee in the sum of $200.00, and his costs and disbursements incurred in said action, amounting to the sum of $7.00."

On August 29, 1929, Howard E. Browne, attorney for defendants, filed in this court an affidavit praying a writ of certiorari to review the record and proceedings leading up to and including said judgment, and praying that it be annulled. The matter is now before us upon the affidavit and return made to the writ.

It is insisted in argument that the court had no jurisdiction over the persons of defendants, for the reason that the summons was served upon them in Lander County. The conclusive answer to this contention is that the statute which specifies the actions and proceedings over which justices' courts shall have jurisdiction provides that the summons may be served outside of the county in which the action is brought. Stats. 1913, p. 359.

It is contended that the respondent court was without jurisdiction over the subject matter, in that and for the reason that it appears from the motion to dismiss that the land upon which the trespass complained of was committed is situate in Lander County and not Eureka County. It is evident that the attorney for defendants was mistaken in considering the motion to be a proper pleading to oust the court of jurisdiction of the subject matter of the action. As section 793 of our civil practice act (Revised Laws, sec. 5736) prescribes the pleadings on the part of plaintiff and of defendant in justice court cases, it is needless to add that the objection for want of jurisdiction over the subject matter could only be raised by demurrer or answer. The document styled "a motion" for the purpose it was intended to serve had no legal standing. Therefore the respondent court did not exceed its

jurisdiction in entering defendants' default for failure to answer the complaint within the time prescribed by law. Symons-Kraussman Co. v. Liquor Co., 32 Nev. 241, 107 P. 96.

It is contended that the respondent court exceeded its jurisdiction in rendering judgment for damages, without offer of any proof as to the amount of the damages. The question most troublesome is whether the error is one which may be taken advantage of by certiorari.

■ Justices' courts have peculiar and limited jurisdiction. The powers conferred upon them by a statute must be strictly pursued. Jones v. Justice's Court, 97 Cal. 523, 32 P. 575. They must proceed in the mode provided by the statute. Hillyer's Justices' Code (2d ed.), p. 76.

Section 812 of the civil practice act (Revised Laws, sec. 5754) provides as follows:

"If the defendant fails to appear, and to answer or demur within the time specified in the summons, then, upon proof of service of summons, the following proceedings must be had:

"1. If the action is based upon a contract, and is for the recovery of money, or damages only, the court must render judgment in favor of the plaintiff for the sum specified in the summons.

"2. In all other actions the court must hear the evidence offered by the plaintiff and must render judgment in his favor for such sum (not exceeding the amount stated in the summons) as appears by such evidence to be just."

By the enactment of subdivision 2 of the section quoted, it is manifest that it was the intention of the legislature to prohibit justices of the peace from rendering judgment by default for unliquidated damages without proof of the amount of the damages. When the default judgment is taken, the statute makes it the imperative duty of plaintiff to offer evidence, and the justice to render judgment for such damages as the evidence shows to be just.

██ In this case the judgment seems to have been based upon an erroneous notion that, by failure to answer the complaint within the time prescribed by law, the defendants admitted its averments. The default of the defendants established the plaintiff's right of action, but by no means the amount of the damages. Hevener v. Kerr, 4 N. J. Law, 58. These must be ascertained and assessed upon lawful evidence before the court is authorized to render judgment. It appearing from the return to the writ that the respondent court, in violation of the statute, rendered judgment without any proof of damages, it follows that the judgment as entered must be annulled.

In order that there may be no misunderstanding, we repeat that the act of the respondent court in entering the default of defendants for failure to answer the complaint was not in excess of jurisdiction, but that the judgment for damages without any proof as to the amount of damages was in excess of jurisdiction, and for this reason only the judgment is annulled.

It is so ordered.

DUCKER, C. J.: I concur in the order.

COLEMAN, J.:

There is but one serious question in this case, and that is whether the justice of the peace had jurisdiction to render the judgment in question without taking testimony. He clearly had jurisdiction of the subject matter and of the parties. The defendants were in default for failure to answer. Higley v. Pollock, 21 Nev. 198, 27 P. 895; McKim v. District Court, 33 Nev. 44, 110 P. 5. At common law, in an action for damages, where a defendant is in default it was the practice to sue out a writ of inquiry to have the damages determined. 1 Tidd's Pr. 569, 573; 3 Chitty's Pr. 671, 673.

In case of a default, something is admitted to be due, but not the amount demanded, and the onus of proof as to the amount of damages is upon the plaintiff.

The first statutory provision in this state providing the procedure in a justice's court relative to defaults

was section 550 of "An act to regulate proceedings in civil cases in the courts of justice of this state, and to repeal all other acts in relation thereto," approved March 8, 1869, c. 112, being section 3645, Cutting's Comp. Laws. This section provided: "When the defendant fails to appear and answer, judgment shall be given for the plaintiff as follows: First. * * * Second — In other cases, the justice shall hear the evidence of the plaintiff, and render judgment for such sum only as shall appear by the evidence to be just. * * * "

The section mentioned has been amended so as to require that the justice "must" hear the evidence. Rev. Laws, sec. 5754.

Prior to the amendment, it may be that it was discretionary with the justice of the peace to hear the evidence, but the amendment indicates an entirely different intention on the part of the legislature.

There is no rule more widely recognized than that a substantial change in the language of a statute indicates a change in the legislative intent. This court, in speaking of a legislative change in a statute, said: " * * * We are bound to presume that it was done ex industria, for the purpose of effecting the change which is effected in the law. * * * " Crane & Co. v. Gloster, 13 Nev. 279; 36 Cyc. 1080.

What could have been the intention of the legislature in making the change pointed out, except to make the taking of testimony a condition precedent to the entry of a judgment? None. The word "must" is generally construed to be mandatory, and, in view of the situation presented, it can be given no other construction in this matter.

This court has often held that a court may have jurisdiction of the parties and of the subject matter but be without jurisdiction to render the particular judgment. In Re Estate of Foley, 24 Nev. 197, 51 P. 834, 52 P. 649; Ex Parte Dela, 25 Nev. 346, 60 P. 217, 83 Am. St. Rep. 603; In Re Forney's Estate, 44 Nev. 279, 194 P. 331.

In Windsor v. McVeigh, 93 U. S. 274, 282, 23 L. Ed.

914, it is said: "Though the court may possess jurisdiction of a cause, of the subject matter, and of the parties, it is still limited in its modes of procedure, and in the extent and character of its judgments. It must act judicially in all things, and cannot then transcend the power conferred by the law."

This doctrine was approved by this court in Estate of Foley, supra.

Not only was the respondent restricted by the statute mentioned to the course of procedure therein pointed out, but, pursuant to a long line of decisions of this court, commencing with Mallett v. Uncle Sam, etc., Co., 1 Nev. 188, 90 Am. Dec. 484, and culminating in Levy & J. Zentner Co. v. Justice Court, 48 Nev. 425, 233 P. 40, his authority is limited and must be strictly adhered to.

The following cases, by analogy, support the conclusion reached: McKinney v. Brown, 130 Pa. St. 365, 18 A. 642; Barney v. Fahs, 10 Pa. Co. Ct. Rep. 424; Kaiser & Brother v. Brown, 98 Ga. 19, 25 S. E. 925.

The respondent not having proceeded as required by statute, his judgment is void.

The contention that the justice of the peace was without jurisdiction because the suit was not brought in the proper township is without merit. Section 5715, par. 3, Rev. Laws, provides that to recover for injury to property the action must be instituted in the township in which the injury was committed. So far as appears from the record of the justice of the peace, to which alone we must look (11 C. J. 199), this was done.

Judgment annulled.