[No. 7,235.—Department Two.]
October 30, 1882.

## G. ONESTI *v.* THOMAS W. FREELON.

WRIT OF REVIEW—HOW DIRECTED.—Section 1070, C. C. P., requires a writ of review to be directed to the Court, the proceedings of which are sought to be reviewed and not to the Judge of the Court.

RETURN BY WHOM MADE TO WRIT OF REVIEW.—In this case the return should have been made by the Clerk and not by the Judge.

PRACTICE—PRESUMPTION AS TO GROUNDS OF ORDER.—A motion was made in the Court below to dismiss the writ, on the grounds that the same was improperly issued and for want of prosecution. As the order granting the motion is silent as to the ground upon which it was granted, it will be presumed that it was granted on both grounds.

ERROR TO DETERMINE MERITS OF CASE ON MOTION TO DISMISS A WRIT.—On a motion to dismiss a writ of review or other similar writ on the grounds that it was improperly issued, and for want of prosecution it is error for the Court to adjudicate upon the merits of the case, further than may necessarily result from granting the motion.

APPEAL by plaintiff from an order of the Superior Court of the City and County of San Francisco, dismissing a writ of review and affirming a judgment of the Municipal Court of Appeals. WILSON, J.

On the twenty-third day of November, 1878, judgment was recovered in the Justice's Court of the City and County of San Francisco, by one Lacy against G. Onesti, who, on the

twentieth day of December, 1878, appealed to the County
Court. On April 1, 1878, an Act of the Legislature was
passed relating to the Municipal Court of Appeals, and giving to it jurisdiction over certain civil appeal cases. On April
18, 1879, the case of *Lacy* v. *Onesti et al.*, was tried *de novo*
in that Court, and judgment again given for the plaintiff.
Onesti, one of the defendants therein, on May 5, 1879, petitioned the Twenty-third District Court for a writ of review to
be directed to Thomas W. Freelon, Judge of the Municipal
Court of Appeals.

The petition was granted and the writ was issued as prayed
for, returnable May 9, 1879. The return to the writ was made
on the return day, by, and in the name of the Judge of the
Municipal Court of Appeals, but the record does not show that
any action was taken thereon.

On March 27, 1880, J. G. Severance, as attorney for the
defendant in the writ and of the plaintiff, Lacy, gave notice of
a motion to dismiss the writ of review upon the ground that
the same was improperly issued and for want of prosecution.
This motion was granted by the Superior Court, and it was
by that Court, thereupon further ordered that the judgment
of the Municipal Court of Appeals be in all things affirmed.
From this order the plaintiff or petitioner for the writ appealed.

*A. D. Splivalo,* for Appellant.

The directing of a writ of review to the Judge or Judges
of an inferior Court and not to the Court, and the return to
the writ by the Judge and not the Clerk of the Court, are
irregularities only (*Fraser* v. *Freelon, Judge etc.*, 53 Cal. 644),
and which are waived by submitting (as was done in this
case) to a hearing upon the merits. (*People* v. *City of Brooklyn*, 49 Barb. 136.)

The writ was directed to Thomas W. Freelon, Judge of the
Municipal Court of Appeals, etc. The practice has always
been, to direct the writ to the Judge of the inferior Court,
and command him to certify the record (Tidd's Pr., vol. 1,
403); and the writ, when delivered to the Judge of the Court
below, instantly suspends his power, so that if he afterward
proceed, it is a contempt, for which he is liable to an attach-

ment, and the subsequent proceedings are void and *coram non judice.*

The Judge was an officer of the Municipal Court of Appeals, and had control of the records and proceedings to be certified (C. C. P., § 1070). The return to the writ is made as well by the Clerk as the Judge.

*J. G. Severance,* for Respondent.

The writ of review should have been directed to the Municipal Court of Appeals, and not to the Judge thereof. (*Fraser* v. *Freelon, Judge etc.,* 53 Cal. 644.) And the Clerk should have made the return to the writ and not the Judge. (C. C. P., § 1070.)

This matter was heard and determined by the Superior Court upon motion to set aside the writ "upon the grounds that it was improperly issued, and for want of prosecution," and the writ was dismissed upon those grounds. The record shows no error in this dismissal and none will be presumed; in fact, no appeal is taken from that part of the order setting aside the writ—only from the affirmation of the judgment, and the dismissal being unobjectionable, it was the duty of the Court to affirm the judgment.   (C. C. P., § 1075.)

The COURT:

The Court below made an order granting a motion to dismiss the writ of review, and affirming a judgment of the Municipal Court of Appeals. The allegations in the petition, and the relief demanded, are pointed to said Thomas W. Freelon, Judge of the Municipal Court of Appeals of the City and County of San Francisco; the writ of review was directed to said Thomas W. Freelon, as such Judge, and the return was made by him.

According to Section 1070, Code Civil Procedure, the writ should have been directed to the Court instead of the Judge, and the return should have been made by the Clerk. The proceeding contemplated by the Code is a proceeding against the tribunal instead of the Judge.

The motion to dismiss was made on the grounds that the writ was improperly issued, and for want of prosecution. The order granting the motion does not state the grounds on

which it was granted; therefore we presume it was on both grounds stated in the motion.

Where a motion is granted dismissing a proceeding of this kind, on the grounds that the writ was improperly issued and for want of prosecution, the merits of the case (further than may necessarily result from granting the motion) are not for adjudication. Therefore, so much of the order as affirmed the judgment of the Municipal Court of Appeals was made without authority of law, and was error. The cause is remanded with instructions to strike out of the order the objectionable clause, and in all other respects the order is affirmed.