## UTAH SAVINGS & TRUST COMPANY v. STOUTT
### et al.

No. 2011.  Decided June 22, 1909 (102 Pac. 865).

INDEMNITY—CONSTRUCTION AND OPERATION OF CONTRACTS—EXTENT OF
    LIABILITY. The grantor of premises caused to be executed to
    her grantee a surety bond conditioned to hold grantee harmless
    from any damage, actions, or judgments affecting the title by
    reason of the judgment that might be obtained in a pending ac-
    tion against the grantor. To protect a surety on the bond the
    grantor executed to it a bond conditioned to indemnify it against
    every liability by reason of such suretyship. The grantee con-
    tracted to sell the premises to a purchaser who paid a part of
    the price, but refused to go on with the contract, and recovered
    a judgment against grantee for the part of the price paid on
    the ground that the title was unmarketable by reason of the
    action against the owner, and the surety on the bond in turn
    paid to grantee the amount of the judgment. *Held*, in an ac-
    tion on the indemnity bond by the surety that the grantee had
    no cause of action on the surety bond, and hence there was no
    liability on the indemnity bond. (Page 212.)

APPEAL from District Court, Third District; *Hon. M.
L. Ritchie,* Judge.

Action by the Utah Savings & Trust Company against
Adeline Stoutt and another.  Judgment for defendants.
Plaintiff appeals.

AFFIRMED.

*Richards, Richards & Ferry* for appellant.

*Ogden Hiles* for respondents.

FRICK, J.

This is an appeal from a judgment dismissing appellant's
action after a general demurrer to the complaint had been
sustained. The material facts alleged in the complaint, in
substance, are: That prior to the 28th day of June, 1905,

the respondent, Adeline Stoutt, as the owner of certain real estate in Salt Lake City, entered into a contract in writing with one Adolph Fleishman whereby she agreed to sell to him said real estate for a consideration named. That by the terms of said contract she agreed to convey to said Fleishman a marketable title. That she furnished Fleishman an abstract of title by which it was disclosed that at the time said agreement was entered into a certain action was pending in the district court of Salt Lake county, in which action the title to said real estate was involved. That notwithstanding the pendency of said action, and pursuant to said agreement of sale, the respondent, Adeline Stoutt, on the 17th day of June, 1905, by warranty deed, duly conveyed said real estate to said Fleishman and received from him the purchase price agreed upon; that at the time the deed of conveyance was made and delivered said Adeline Stoutt, in order to protect said Fleishman against loss and damage by reason of any judgment that might be obtained against her in said action, procured a certain bond to be executed by her husband, J. M. Stoutt, as principal, and the appellant as surety, which bond was duly delivered to said Fleishman, and contained the following conditions, namely:

"Now, therefore, the conditions of this obligation are such that if the above bounden J. M. Stoutt and the Utah Savings & Trust Company, their heirs or assigns, will keep and bear harmless and indemnify the said Adolph Fleishman from any damage, cost, suits, actions, judgments that may affect the title to the following, described property by reason of said judgment."

That at the time the foregoing bond was executed and delivered, and as a part of said transaction, the respondents also executed and delivered to appellant a certain bond by the terms of which they agreed to indemnify appellant and to repay to it any money it was compelled to pay under the first bond. The material conditions of the last bond read as follows:

"That we will at all times indemnify and save the surety harmless from and against every claim, demand, liability, cost, charge, expense, suit, order, judgment and adjudication whatsoever, and will place the surety in funds to meet every claim, demand, liability, cost, charge, expense, suit, order, judgment or adjudication against it by reason of such suretyship and before it shall be required to pay thereunder."

It is further alleged that on the 1st day of December, 1906, said Fleishman entered into a contract in writing by the terms of which he agreed to sell the real estate which had been sold and conveyed to him by the respondent Adeline Stoutt to one Lichtenstein; that said Lichtenstein paid the said Fleishman the sum of two thousand and five hundred dollars as a part of the purchase price for said real estate, which payment was made upon the following conditions, to wit: "That said party may have until January 2, 1907, after this date to examine the said abstract; and if the title is marketable, and the second party elects not to buy, then said receipted sum is forfeited; if the title is not marketable, then said receipted sum to be returned." That thereafter, on the 28th day of December, 1906, said Fleishman was notified by said Lichtenstein that he (Lichtenstein) rejected the title to said real estate as unmarketable upon the ground of the pendency of the action aforesaid, and demanded the two thousand and five hundred dollars by him from said Fleishman. That upon the refusal of said Fleishman to return said two thousand and five hundred dollars to Lichtenstein he brought an action in the district court of Salt Lake county to recover the same and on the 28th day of May, 1907, recovered a judgment for said sum plus interest amounting in the aggregate to the sum of $2605.40, upon the ground that said title was unmarketable by reason of the pendency of said action. That said judgment, on the 20th day of June, 1907, was paid by said Fleishman and duly satisfied. That on the 28th day of May, after the recovery of said judgment, upon demand of said Fleishman, and in pursuance of the bond made and delivered to him by

the appellant, it paid to Fleishman the amount of said judgment, to-wit, the sum of $2605.40, as damages sustained by Fleishman by reason of the enforcement of said judgment against him. That on the 14th day of June, 1907, appellant served notice on the respondents that a judgment had been rendered against Fleishman as aforesaid, and demanded that they pay the amount thereof, which they refused to do. Wherefore appellant prayed judgment for the said sum against respondents.

The only error assigned is that the court erred in sustaining the demurrer to the complaint. The question, therefore, is, are the facts alleged sufficient in law to entitle the appellant to recover upon the indemnity bond made and delivered to it by respondents? It will be observed that the action is not grounded upon a breach of the contract to convey a marketable title, but is based upon an alleged breach of the bond of indemnity. The indemnity bond, in view of the circumstances, must be considered, construed, and applied in connection with the surety bond which was executed at the same time and in which appellant became bound. The bond sued on must therefore be limited by the provisions or undertakings contained in the surety bond. It is important, therefore, to determine what obligations appellant undertook and agreed to perform. The intentions of the parties to the surety bond must be determined from the circumstances surrounding them, the object or purpose they had in view, and the nature of the transaction concerning which they contracted. The material conditions of the surety bond are that the obligors "will keep and bear harmless and indemnify the said Adolph Fleishman from any damage, cost, suits, actions or judgments that may affect the title to the following property by reason of said judgment." "By reason of said judgment" are the controlling words in the foregoing bond, and limit or restrict the obligations to the subject-matter of the undertaking. It is important to keep in mind that when the bond sued on was executed, Adeline

Stoutt already had, or, at least, simultaneously therewith did make and deliver to Fleishman a deed which, in legal effect, contained the usual covenants of general warranty; that there was an action pending the result of which might affect her title—that is, a judgment might be obtained in the action which, in all probability, would constitute a lien on the property conveyed, at least to the amount involved in the pending action, which was stated to be $5923.55, with accruing interest. From these facts we infer that Fleishman was unwilling to rely upon his covenant against incumbrances contained in the deed, but demanded that he be secured in advance against any judgment that might be obtained in the pending action. To thus secure him, Mrs. Stoutt procured J. M. Stoutt and appellant to execute the surety bond to Fleishman, and she and the respondent H. M. Walker executed the indemnity bond sued on to protect appellant. The surety bond, therefore, was, in its purpose and effect, a bond to hold Fleishman harmless from any damages that he might sustain by reason of a judgment that might be obtained in the pending action which would affect the property. (Maupin on Marketable Titles to Real Estate [2 Ed.], p. 289.) The indemnity bond sued on, on the other hand, was to indemnify the appellant in case it should be called on to pay the damages which Fleishman should sustain "by reason of said judgment," namely, the judgment that might be obtained in the pending action. There is no allegation that a judgment has been obtained in said action, nor is there any allegation of what became of said action. For aught that appears from the complaint that action may have been dismissed, or may have been terminated in favor of the defendant therein, and thus the property may be entirely relieved from any of the threatened consequences of said action. It is contended, however, by appellant's counsel, that the effect of the indemnity bond was much broader than we have outlined above; that it covered any and every judgment which would affect the title to the property in question; that the judgment obtained against Fleish-

man for the recovery back of the two thousand and five hundred dollars by Lichtenstein was based upon the ground that the title to said real estate was unmarketable by reason of the pendency of the prior action, and hence the judgment against Fleishman affected the title to said property for which the surety bond was liable, and therefore the indemnity bond is likewise liable. It is further asserted that the surety bond secured Fleishman against the consequences of an unmarketable title. We cannot agree with these contentions.

We concede that if Fleishman could have recovered on the surety bond, then the appellant may recover unless there is some special defense which might stand in its way. It is true that a vendee may bring an action to recover damages for a breach of contract to convey a marketable title. (Maupin, etc., pp. 6, 7.) It is also true that where there is a covenant in a deed specially warranting a marketable title an action may be based upon a breach of such a covenant. The general, if not the universal, rule, however, is that, if a deed containing covenants of warranty is delivered and possession is passed to the grantee, he must rely upon the covenants contained in his deed. (Maupin, etc., pp. 6, 7, 143, et seq.) Although it be conceded that Adeline Stoutt agreed to convey a marketable title in the contract of sale, yet, when the warranty deed was executed and delivered under which possession was given and taken, the contract of sale was fully executed and its provisions were merged in the deed, and Fleishman thereafter was bound to rely upon the covenants in the deed, and if any breach occurred in any one of them he was required to sue and recover in a proper action for breach of such covenants. We think no case can be found, and counsel have cited none, where an action was based upon an executed contract of sale after such contract had been fully performed by the execution and delivery of a deed and the vendee was given possession under it. The deed conveying the property sold by the contract is ordinarily a complete execution of the contract of sale,

and the covenants in the deed must thereafter. be looked to for redress in case of defects in the title.

In view of the allegations contained in the complaint, there was no breach of any of the covenants usually contained in an ordinary warranty deed under our statutes. These covenants are: (1) Of seisin; (2) of a good right to convey; (3) against incumbrances; (4) of warrant; (5) for quiet enjoyment; and (6) for further assurance. The last is of but little, if any, importance, since, under our statutes, all present and after acquired interests of the grantor pass to the grantee by virtue of the deed conveying a fee-simple title. Every other defect in the title is covered by the other covenants. As we have seen, this action is not founded upon a breach of any of the covenants above enumerated, nor is it alleged that there was any breach of any special covenant by which the grantor covenanted in the deed against the consequences of an unmarketable title. The breach relied on in the complaint is not a breach of the covenant against incumbrances. To constitute a breach of this covenant there must be some lien or valid claim against the property which constitutes an incumbrance. If a judgment had been obtained in the action referred to in the complaint, no doubt such a judgment would have been a lien against the real estate and thus would have constituted an incumbrance. It may be that the action itself, if supported by a *lis pendens* as provided by section 2953, Comp. Laws 1907, constituted an incumbrance as between the grantor and the grantee. But Fleishman took a conveyance with full knowledge of the action and its possible consequences. He required Mrs. Stoutt, the grantor, to secure him against any possible loss by reason of any judgment that might be obtained in the action then pending, which she did. It does not appear that Feishman suffered any loss by reason of the pendency of that action except the loss of a sale to Lichtenstein. Against such a loss, however, Mrs. Stoutt did not indemnify Fleishman by the bond which was executed with appellant as surety. Fleishman took

his deed with full knowledge of the pending action, and if this made the title unmarketable, he was not only aware of the fact, but took the title subject thereto requiring only that he be held harmless against any loss or damage by reason of any judgment that might be obtained in that action and which might affect Mrs. Stoutt's title. He did not ask to be, and was not, indemnified against the loss of a sale of the property, but this is just what he seeks to recover for in this action. If he has suffered by reason of any judgment obtained in the action then pending, he might, in a proper action, recover his damages; but he cannot recover unless he was damaged by some matters which were included in the surety bond. From what has been said it necessarily follows that if Fleishman had no cause of action against appellant upon the surety bond, then appellant can have none upon the indemnity bond against the respondents.

For the reasons herein stated, the complaint did not state facts sufficient to constitute a cause of action against respondents, and the court committed no error in sustaining the general demurrer, nor in dismissing the action. In view of the foregoing conclusions it becomes unnecessary to pass upon the second ground urged by respondents' counsel why the demurrer was rightfully sustained. The judgment is affirmed, with costs to respondents.

STRAUP, C. J., and McCARTY, J., concur.