[No. 2294]

THE STATE OF NEVADA, Ex Rel. ALLEN CLARK COMPANY (a Corporation), Relator, *v.* PACIFIC WALL PAPER AND PAINT COMPANY (a Corporation); THE JUSTICE'S COURT OF RENO TOWNSHIP, WASHOE COUNTY, NEVADA, and F. K. UNSWORTH, Justice of the Peace of Said Township, and E. H. BEEMER, Clerk of the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, and Ex Officio County Clerk of Said Washoe County, Respondents.

[172 Pac. 380]

1. CERTIORARI—JUDGMENTS REVIEWABLE—ORDER ON CERTIORARI—JUSTICE'S COURTS—SCOPE OF REVIEW.
    Where, on defendant's appeal from adverse judgment in justice's court to the district court on questions of law only the judgment was affirmed, defendant's right to *certiorari* was limited to a review of the district court judgment, from which no appeal lies; and *certiorari* would not lie from the supreme court to review the judgment of the justice.

ORIGINAL PROCEEDING in *certiorari* by the State, on the relation of the Allen Clark Company, against the Pacific Wall Paper and Paint Company and others. **Writ discharged.**

*O. H. Mack,* for Petitioner.

*Charles H. Burritt,* for Respondents.

By the Court, SANDERS, J.:

This is an original proceeding in *certiorari.*

Upon the verified application of the Allen Clark Company, a corporation, this court issued a writ of *certiorari,* directed to the justice's court of Reno township, county of Washoe, State of Nevada, F. K. Unsworth, justice thereof, and to E. H. Beemer, clerk of the district court of the Second judicial district of the State of Nevada in and for the county of Washoe, and ex officio county clerk of said county, commanding said parties to certify to this court the transcript of the proceedings in said justice's

court and in the district court on appeal in the two cases of the Pacific Wall Paper and Paint Company, a corporation, against the petitioner. From the returns to the writ it is made to appear that the petitioner appealed from the judgment rendered against it in the said justice's court, to the said district court upon questions of law only. The primary purpose of the actions was to foreclose two claims of lien for labor and material supplied by plaintiff in the alteration and repair of certain premises of the petitioner, situate in said Reno township. Jurisdiction is conferred by statute upon justices' courts in such cases when the amount of the lien does not exceed $300. (Rev. Laws, 5714; *Phillips* v. *Snowden Placer Co.*, 40 Nev. 66, 160 Pac. 786.)

The petitioner seeks to review the judgment, not of the district court, but of the said justice's court. The question for our determination is whether the petitioner's right to *certiorari*, if *certiorari* should be issued at all, is not limited to a review of the judgment of the district court. The questions of law presented to the latter court for its determination on appeal were:

First—Did the justice's court have jurisdiction over the subject-matter of the suit?

Second—Did the complaint state facts sufficient to constitute a cause of action?

Third—Had the justice the power and jurisdiction to render a judgment *in personam* in an action brought primarily to enforce a mechanic's lien where the claim of lien fails?

The district court decided these questions adversely to the contention of the petitioner and affirmed the judgment of the justice's court. Having jurisdiction to determine the questions of law thus presented, its judgment affirming the judgment of the justice's court operates to estop the petitioner from proceeding in this court to review by *certiorari* the judgment of the justice's court.

The petitioner's proper method of redress is an application to this court for a writ of *certiorari* to review the judgment of the district court, from which the law has

provided no appeal. The judgment of the district court is in all respects a judgment by a competent court and one of general jurisdiction. So long as its judgment stands unassailed, it cannot be ignored or swept aside by this proceeding. (*Olcese* v. *Justice's Court*, 156 Cal. 82, 103 Pac. 317.)

The writ is discharged.

It is so ordered.

McCARRAN, C. J., concurring:

I concur in the order.

The writ of *certiorari*, if it sought to review the order in the district court, should have been directed to that court, and not to the clerk thereof, a ministerial officer.

Section 5686, Revised Laws, prescribes:

"The writ may be directed to the inferior tribunal, board, or officer, or to any other person having the custody of the record or proceedings to be certified. When directed to a tribunal, the clerk, if there be one, shall return the writ with the transcript required."

In a case where the petitioner in *certiorari* seeks to cause a review of the proceedings of a court, the writ issues against the tribunal rather than against the clerk thereof. (*Onesti* v. *Freelon*, 61 Cal. 625.)

As I view it, the dismissal of the writ on the grounds and for the reason stated in the opinion of Mr. Justice SANDERS, or for the reason which I here state, does not preclude the bringing of a proper proceeding, and the issuance of a proper writ following this dismissal. The question paramount in the merits of the proceedings involves the right of a court to issue a personal judgment against a defendant where the action was instituted to foreclose a mechanic's lien in accordance with our statutory provisions governing such matters. This question has been dealt with by the courts with varying results. It should be finally settled and determined by this court, in order that the rule may be fixed, and the question put at rest.