[No. 2298]

THE STATE OF NEVADA, Ex Rel. GEORGE W. ABEL, Petitioner and Relator, *v.* HON. PETER BREEN, as District Judge of the District Court of the Third Judicial District of the State of Nevada, in and for the County of Lander, and THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF LANDER, Respondents.

[173 Pac. 555]

1. Certiorari—Original Proceeding—Scope.
    On original petition for *certiorari* to review a judgment of the district court, review is limited to whether the district court had jurisdiction to render any judgment, and whether it had jurisdiction to render the particular judgment rendered.

2. Justices of the Peace—Record—Requisites and Sufficiency.
    Justice courts being of special, limited, and inferior jurisdiction, proceedings therein must show such facts as constitute a case within the jurisdiction, and otherwise the law regards the whole proceeding as *coram non judice* and void.

3. Justices of the Peace—Appeals—Jurisdiction on Appeal.
    The jurisdiction of an appellate court on appeal from a justice's court is entirely derivative, and such court acquires no jurisdiction to try a case on appeal from a justice's court where the latter is without jurisdiction to entertain the case and render judgment therein.

4. Justices of the Peace—Certification.
    In the absence of a statute, a justice of the peace cannot certify a case to another court.

5. Mechanics' Liens—Personal Judgment.
    In view of Rev. Laws, 2226, providing that the mechanics' lien statutes shall not affect the right to a personal judgment, in an action brought to enforce a mechanics' lien, a personal

judgment may be rendered against a person, personally liable if the complaint contains all necessary facts constituting both grounds of relief, and all the necessary allegations of an action in assumpsit.

ORIGINAL PROCEEDING in *certiorari* by the State, on relation of George W. Abel, against Hon. Peter Breen, as Judge of the District Court of the Third Judicial District in and for the County of Lander, and the District Court of the Third Judicial District in and for the County of Lander. **Proceedings dismissed on condition;** otherwise writ made peremptory.

*Cantwell & Carville,* for Petitioner:

The jurisdiction of the justice's court is limited by the constitution and the statutes. The justice's court was without jurisdiction in the three cases filed therein, for the reason that the amount involved exceeds three hundred dollars. The legislative authority to confer jurisdiction upon the justice's court is limited by the provisions of the constitution. (Const. Nev., sec. 8, art. 8.) This limitation is effective to restrict the language of the legislative act passed under its authority. (*Phillips* v. *Snowden*, 40 Nev. 66, 160 Pac. 786.)

The law contemplates that but one action shall be prosecuted for the foreclosure of the liens that may exist against a particular piece of property. (*Phillips* v. *Snowden, supra;* Rev. Laws, 2227, 2229.) It is the duty of the trial court to endeavor within all reasonable limitations to protect the rights of all lien claimants in one judgment in actions to foreclose one or more liens, "where it appears that there are other lien claimants, and especially where it appears that other suits are pending for the foreclosure of all or a portion of such other liens." (*Daly* v. *Lahontan Mines Co.,* 39 Nev. 14, 158 Pac. 285.)

The judgment foreclosing the liens in the justice's court being void for lack of jurisdiction, it follows that the district court had no jurisdiction on appeal. (*Fitchett* v. *Henley,* 31 Nev. 341; *Phillips* v. *Snowden, supra.*)

The fact that the district court had original jurisdiction of the subject-matter, and tried the actions *de novo,* does

not render the judgments of the district court valid as being based upon jurisdiction conferred by waiver or consent. (*Phillips* v. *Snowden, supra.*)

The action of the justice's court in erroneously determining that it had jurisdiction to proceed, and thereafter proceeding to the trial of the cases and entering judgments therein, was more than a mere error within jurisdiction. (*Fitchett* v. *Henley, supra; Floyd* v. *District Court,* 39 Nev. 369; *Phillips* v. *Snowden, supra; Yowell* v. *District Court,* 159 Pac. 692.) And where jurisdiction is exceeded in such a manner by a justice of the peace, there is no right of appeal to the district court, and *certiorari* is the proper remedy to be pursued. (*Fitchett* v. *Henley, supra.*)

*Salter & Robins,* for Respondents:

If any error has been made by either the justice's court or the district court, it certainly was within jurisdiction. (*Florence-Goldfield M. Co.* v. *District Court,* 30 Nev. 391.)

The fact that the questions could have been reviewed by appeal, and that the petitioner did not avail himself of the right of appeal, but suffered the time to elapse, does not make available the writ of *certiorari.* (*Chapman* v. *Justice Court,* 29 Nev. 154.)

"A collateral attack upon a judgment can be sustained only when a judgment is absolutely void for want of jurisdiction, and not when the court has erred in some ruling." (*Daly* v. *Lahontan Mines Co.,* 39 Nev. 14, 151 Pac. 516.)

There being no consolidation of the suits, the justice had jurisdiction of the persons and of the subject-matter, and inquiry on *certiorari* extends no further. (*Kapp* v. *District Court,* 31 Nev. 444.)

Even though the justice should have made an order of consolidation, and thereby ousted himself of jurisdiction, still the district court assumed jurisdiction; and whether its jurisdiction came by appeal or as original jurisdiction, its judgment is valid and will stand in the presence of any collateral attack. (*Phillips* v. *Snowden,* 40 Nev. 66, 160 Pac. 790.)

By the Court, SANDERS, J.:

A writ of *certiorari* issued out of this court upon the application of George W. Abel to review the proceedings had in the Third judicial district court of the State of Nevada in and for the county of Lander in three separate actions commenced in the justice's court of Argenta township, in said county, and appealed to the district court by the relator upon questions of law and fact.

**1.** The procedure adopted for the review of the matters complained of limits this inquiry to the discussion of the questions: Had the district court jurisdiction to render any judgment in the actions, or either of them? Had the said court authority to render a personal judgment in the actions, or either of them, in favor of the plaintiff and against the relator, except as incidental to a decree foreclosing the mechanic's lien against the property described in each of the complaints in said separate actions?

**2, 3.** Justice courts being of special, limited, and inferior jurisdiction, it is generally recognized that proceedings therein must show or set forth such facts as constitute a case within their jurisdiction; otherwise the law regards the whole proceeding as *coram non judice* and void. It is also well established that the jurisdiction of an appellate court on appeal from a justice's court is entirely derivative, and it acquires no jurisdiction to try a case on appeal from a justice's court where the latter is without jurisdiction to entertain the case and render judgment therein. (*Fitchett* v. *Henley*, 31 Nev. 341, 102 Pac. 865, 104 Pac. 1060.)

**4.** An appeal in a case arising in a justice's court does not convert the appellate court into a court of original jurisdiction. (*Martin* v. *District Court*, 13 Nev. 90.) It has exactly the same jurisdiction as the justice of the peace from whose court the appeal is taken. (*Peacock* v. *Leonard*, 8 Nev. 84.) In the absence of some provision to the contrary, the same rule applies to actions in justice courts for the enforcement of a mechanic's lien. The dictum in the case of *Phillips* v. *Snowden Placer Co.*, 40 Nev. 66, 160 Pac. 786, to the effect that an appeal in such case, where it appears that the justice's court is without

jurisdiction of the amounts of the liens involved in the action, operates to certify the cause to the district court, is disaffirmed. In the absence of a statute a justice of the peace cannot certify a case to another court. (24 Cyc. 510; 11 Cyc. 992.)

5. If we correctly interpret the position of the learned counsel for relator, it is their contention, based upon the authority of *Phillips* v. *Snowden Placer Co.*, *supra*, that as the three separate actions were commenced in the justice's court for enforcement of separate mechanic's liens, and that the aggregate amount of the money demanded exceeds the sum of $300, the justice's court was without jurisdiction to entertain the cases, and the proceedings therein are void. Therefore the district court had no authority on appeal but to dismiss the actions. It is conceded that the complaint in each of the actions, in connection with or in addition to the allegations therein made in relation to the foreclosure of the lien, contained all the necessary facts and allegations to constitute a cause of action against the relator for the recovery of a money judgment. The relator denied by his answers that he was indebted to the plaintiff in the sums demanded, or in any sum, and upon this issue the causes were tried before a single jury, and, in accordance with the verdict, the justice rendered separate judgments for the plaintiff and against the relator in each action, and in addition thereto declared the sums found due to be a lien upon the property described in the complaints and ordered it sold, and the proceeds applied to the payment of the judgment, costs, and attorneys' fees, and ordered execution to issue for any deficiency. The pleadings, as well as the procedure in both courts, show a clear intent on the part of the plaintiff to pursue and rely upon a money judgment against the person liable, and the demand for the foreclosure of the liens was regarded by the plaintiff as ancillary and supplementary to his action for the recovery of a money judgment. This intent is further manifested by the waiver on the part of the plaintiff of his claim of lien on the trials *de novo*

in the district court.     It is argumentatively conceded
that this waiver eliminated the question of the fore-
closure of the lien from each of the cases, and the only
issue tried in the district court was the plaintiff's causes
of action for a money judgment.     We are now asked to
hold that both courts were without jurisdiction to render
any judgment in the actions, or either of them, for the
reason that the cumulated amounts demanded exceeded the
sum of $300.     By the act giving to mechanics and others
a lien the debt is the principal thing, and the lien an
incident and security which follows the debt or obliga-
tion.     (*Skyrme* v. *Occidental M. & M. Co.*, 8 Nev. 231;
Phillips, Mechanics' Liens, 3d ed. sec. 9.)

The lien, as an appropriation of a specific thing, has
been superadded to the remedy afforded by an ordinary
action for the debt, but has not interfered with its
enforcement. (Phillips, Mechanics' Liens, 3d ed. sec. 311.)

It is provided by the act giving mechanics and others
a lien that nothing in it is to be construed to impair or
affect the right of any person to whom any debt shall
be due for labor, to maintain a personal action to recover
such debt against the person liable therefor. (Rev. Laws,
2226.) This act also provides that all liens are assignable
as any other chose in action. (Rev. Laws, 2229.) It is to
be borne in mind that the plaintiff was the holder and
owner of the liens by assignments that carried the debt
and were the only liens lodged against the property. No
provision in the act purports to restrict the right to
recover the debt and resort to the enforcement of the
lien in the same action.

"The rule is general, in the absence of some provision
to the contrary, that the remedy upon a * * * lien
and the remedy upon the debt are distinct and concurrent,
and may be pursued at the same time or in succession.
(*Hatcher* v. *H. & B. Mfg. Supply Co.*, 133 Fed. 271, 68
C. C. A. 19.)

Our practice act permits the union or combination of
legal and equitable remedies in the same action.

The question as to the lien claimant's right to a personal

judgment was not involved in the case of *Phillips* v. *Snowden Placer Co., supra.* Had these cases been commenced for the foreclosure of a lien only, a different question would be presented. Under the averments of the complaints the plaintiff was entitled to some relief. If the justice exceeded his jurisdiction in giving judgment for the foreclosure of the lien, that fact would not oust him of jurisdiction to render a personal judgment against the person liable for the debt. By the greater weight of authority, we are of the opinion that a personal judgment may be rendered against a person personally liable in an action brought to enforce a mechanic's lien (18 R. C. L. 991), provided the complaint contains all the necessary facts constituting both grounds for relief and all the necessary allegations of an action in assumpsit. (*Volker-Scowcroft Lumber Co.* v. *Vance*, 36 Utah, 348, 103 Pac. 971, 24 L. R. A. n. s. 321, Ann. Cas. 1912a, 124.)

Under the views here expressed the district court had jurisdiction on appeal to render a personal judgment in each of the cases mentioned, together with a judgment for costs and attorneys' fees for services rendered in obtaining such personal judgment, but that it had no jurisdiction to include in its judgment, as a part of the costs, the amount paid for recording the mechanic's lien statements or costs or attorneys' fees incident to the foreclosure of said liens in either the justice's court or the district court. If an order be entered at the next session of the respondent district court modifying the judgments mentioned in accordance with the views expressed herein, the order will be that these proceedings be dismissed; otherwise the writ will be made peremptory.