[No. 2349]

THE STATE OF NEVADA, EX REL. ALLEN CLARK COMPANY (A CORPORATION), RELATOR AND PETITIONER, *v.* HON. THOMAS F. MORAN, AS DISTRICT JUDGE OF THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; AND THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, RESPONDENTS.

[176 Pac. 413]

1. MECHANICS' LIENS — PERSONAL JUDGMENT — JURISDICTION OF COURT.

In view of Rev. Laws, 2226, providing that the mechanic's lien statute shall not affect the right to a personal judgment in a mechanic's lien suit, such judgment may be rendered against one personally liable if the complaint contains all necessary facts constituting both kinds of relief, and all the necessary allegations of an action in assumpsit.

2. CERTIORARI—MATTERS REVIEWABLE—COSTS.

The action of the court in a mechanic's lien suit in affirming a judgment for costs before a justice of the peace, even if irregular, cannot be reviewed on certiorari.

CERTIORARI by the State, on the relation of the Allen Clark Company, a corporation, against Thomas F. Moran, District Judge of the Second Judicial District Court, in and for the County of Washoe, and the Second Judicial District Court in and for the County of Washoe. **Writ dismissed.**

*O. H. Mack,* for Petitioner:

The writ of certiorari should issue and lie, with relator's costs. The questions before the court are: (1) Has the justice court jurisdiction over mechanics' liens under $300? (2) Did the justice court and the district

court exceed their authority and jurisdiction in entering a personal judgment against petitioner, the lien being null and void, and the action having been brought wholly and entirely to foreclose a mechanic's lien? (3) Did the district court exceed its authority and jurisdiction in sustaining the judgment of the justice court for costs, no cost bill having been filed in either court in any of the actions?

If there is no complaint or lien, the court has no jurisdiction over the parties or of the subject-matter of the action. Burling v. Goodman, 1 Nev. 314; Baum v. Reynolds, 11 Cal. 14; Feusier v. Lammon, 6 Nev. 209. A judgment must accord with and be warranted by the pleadings of the party in whose favor it is rendered. Frevert v. Heney, 14 Nev. 191; Marshall v. Golden Fleece Mining Co., 16 Nev. 156.

*Charles H. Burritt,* for Respondents:

The writ should be dismissed. The motion to quash is in the nature of a demurrer to the petition, and is a proper pleading at this time. 6 Cyc. 815. The motion is made and presented in time and opportunely, to save all questions that are improperly and improvidently attempted to be embraced in and brought under the jurisdiction of the supreme court. The motion "must be made before filing the return, which will be treated as a waiver." 6 Cyc. 316.

The only questions that can be inquired into are those relating to jurisdiction and to the exceeding of jurisdiction, as defined in and limited by the statute authorizing the writ of certiorari. Mere matters of irregularity may not be corrected. Rev. Laws, 5684–5690; Maynard v. Railey, 2 Nev. 313.

The relator has been guilty of laches in the prosecution of the writ, it not having been asked for within a reasonable time. Stand. Ency. Proc., vol. 4, p. 912. "It has been observed already that in the case at bar nearly two years were permitted to elapse after the entry of the order complained of before application was made for the writ. An appeal to this court from a final judgment

of a district court is barred by the lapse of one year; and we are of the opinion that, unless circumstances of an extraordinary character be shown to have intervened, the remedy through a writ of certiorari should be held to be barred by the lapse of a like period of time." Keyes v. Marin County, 42 Cal. 252.

By the Court, SANDERS, J.:

The Allen Clark Company, a corporation, sued out of this court in 1917 a writ of certiorari. Upon consideration of the case on its merits, this court discharged the writ and dismissed the proceeding, on the ground that the tribunal whose judgment was sought to be reviewed was not made a party defendant. State v. Pacific Wall Paper and Paint Co., 41 Nev. 501, 172 Pac. 380.

The relator who prosecuted the writ, apparently in conformity to the suggestion found in the opinion concurring in the order of dismissal, sued out this writ in June, 1918, basing its application for the writ on the same facts as contained in its former proceeding. 41 Nev. 501, 172 Pac. 380.

1. The main question to be determined is whether a justice court, in an action brought primarily to enforce. a mechanic's lien, exceeded its jurisdiction in rendering a judgment in personam against the defendant in the action. Since the issuance of the writ in this case, this court, in the case of State ex rel. Abel v. Breen, 41 Nev. 516, 173 Pac. 555, decided the question adversely to the contention of the relator, and held that:

"In view of Rev. Laws, 2226, providing that the mechanic's lien statutes shall not affect the right to a personal judgment, in an action brought to enforce a mechanic's lien, a personal judgment may be rendered against a person personally liable if the complaint contains all necessary facts constituting both grounds of relief, and all the necessary allegations of an action in assumpsit."

Upon examination of the pleadings in the justice court, we are led to the conclusion that the complaints

therein state a cause of action in assumpsit against the defendant, and therefore the justice court, in the exercise of its original judisdiction, was authorized to render a judgment in personam against the defendant. Neither did the district court, in the exercise of its derivative jurisdiction on appeal, exceed its jurisdiction in affirming such judgment.

2. In reference to the question of costs imposed by the district court, it was a matter for the court to consider. If the court erred in affirming the judgment for costs, it was an irregularity, and not an excess of jurisdiction. Its action in this respect cannot be reviewed on certiorari. State v. District Court, 16 Nev. 76; State v. District Court, 23 Nev. 246, 45 Pac. 467.

The writ must be dismissed, with costs.

It is so ordered.

DUCKER, J., did not participate in the consideration of the case, it having been submitted before he became a member of the court.