# FERGUSON *v.* CAMINO ET AL.

No. 2955

April 5, 1932.                    9 P.(2d)1005.

*Howard E. Browne,* for Appellants:

*W. R. Reynolds,* for Respondent:

## OPINION

By the Court, SANDERS, J.:

This action was begun in the justice court of Eureka township in and for Eureka County, to recover actual and exemplary damages and an attorney's fee for the alleged unlawful herding and grazing of defendant's sheep upon plaintiff's land.

The case was formerly before us on certiorari, wherein it was held that, while the justice court had jurisdiction over the subject matter and of the parties, a default judgment in a justice court, without proof of amount of damages, was in excess of jurisdiction. Camino v. Lewis, 52 Nev. 202, 284 P. 766. Aside from other procedural steps taken after the ruling on certiorari, the defendants filed a verified answer to the complaint, in which they averred that plaintiff was not the owner of the land described in his complaint, and that the land was situated in Lander County and not Eureka County. The answer made it necessary, under section 9268, N. C. L., for the justice to suspend all further proceedings and certify the pleadings to the clerk of the district court of Eureka County, which was accordingly done at the instance of defendants. After the case had been transferred to the district court it was tried to the court without the assistance of a jury upon issues made by the pleadings as certified. After a full hearing the court found plaintiff to be the owner of the land described in his complaint; that the land was situated in Lander County, and that defendants were guilty of the alleged trespass. Upon its findings of fact and conclusions of law, the court, over defendants' objections, rendered judgment in favor of the plaintiff and against the defendants, for the sum of

$20 damages and for the additional sum of $200 attorneys' fee, together with costs taxed at $180.65.

■■ The defendants have appealed from the judgment on the judgment roll alone. The single question presented is one of jurisdiction. Defendants contend and insist that, the district court having found the land trespassed upon to be in Lander County and not in Eureka County as alleged in the complaint and denied in the answer, the district court had no jurisdiction other than to dismiss the action. We are not in accord with this contention. It is conceded or must be conceded that, upon the filing of the defendants' answer, the case was properly transferred to the district court. Tobin v. Gartiez, 44 Nev. 179, 191 P. 1063. From the time of the filing of defendants' answer the district court had over the action the same jurisdiction as if it had been commenced therein. Section 9268, N. C. L. On the certification of the pleadings its jurisdiction was original and not appellate. 15 Cal. Jur. 471; 35 C. J. 566, 567. The purpose of section 9268 is to secure to the district court the right to hear and determine the causes that are placed within its jurisdiction by the constitution, art. 6, sec. 6. Dungan v. Clark, 159 Cal. 30, 112 P. 718. The result of the argument advanced on the part of the defendants is that, the court having found that the land alleged to have been trespassed upon was in Lander County, the justice court had no jurisdiction over the subject matter; therefore none was acquired by the district court on removal. We concede that, if the justice court did not primarily have jurisdiction to hear and determine the action, the certification of the pleadings to the district court did not confer jurisdiction. 35 C. J. 566. In this case, however, the ruling on certiorari established that the justice court primarily had jurisdiction over the subject matter and of the parties. Under the express provision contained in section 9268, N. C. L., it had the same jurisdiction over the action as if it had been commenced therein. Consequently the jurisdiction of the district court, original in character, was not affected

by its finding that the land trespassed upon was in Lander County. Counsel for defendants complain that to uphold the judgment would be to deprive defendants of their statutory right to have the case tried in the county where the land was located. If plaintiff brought the action in the wrong county, as alleged in the defendants' answer, their remedy was in the justice court, but, they having procured the transfer of the case to the district court, claiming that its determination necessarily involved title to land, they cannot be heard to assert that the district court lost jurisdiction because of its finding that the land trespassed upon was located in Lander County.

The judgment is affirmed.

DUCKER, J.: I concur.

COLEMAN, C. J., dissenting:

This is an action for actual damages for trespass upon certain lands. The complaint alleges that the land in question is owned by plaintiff, is situated in Eureka County, Nevada, and that the defendants had wantonly and unlawfully trespassed upon it to the plaintiff's damage in the sum of $200. These allegations gave the justice of the peace jurisdiction to hear the case.

The defendants moved to dismiss the action for the reason that the land was in Lander County. This motion was denied, and judgment was rendered in favor of plaintiff, which was set aside on certiorari. Camino v. Lewis, 52 Nev. 202, 284 P. 766. Thereafter, pursuant to order of court, the defendants filed an answer denying the title of plaintiff to the land and that it is situated in Eureka County.

Section 9262, N. C. L., provides that actions in the justice's court in cases of injury to person or property must be commenced in the township where the injury was committed. Upon the filing of the answer the justice certified the case to the district court.

The defendants have at all times contended that the action should have been commenced in Lander County,

where the district court found the land to be situated, and that neither the justice of the peace in Eureka County nor the district court of that county had jurisdiction to do more than dismiss the action for want of jurisdiction when it appeared that the land is in Lander County. We held in Tobin v. Gartiez, 44 Nev. 179, 191 P. 1063, that the facts and not the answer constituted the test of jurisdiction in such a situation.

In my opinion the contention of the defendants is well founded. This view is sustained, in my opinion, by both reason and authority. Hallett, J., in Hummel, Adm'r v. Moore (C. C.), 25 F. 380, 381, in considering a similar case, said: " * * * Defendant contends that in this court the action is subject only to the jurisdiction of this court, without reference to the jurisdiction of the county court, because it is provided in the act of 1875 (18 Stat. 471) that upon removal of a cause to a circuit court of the United States, and upon filing a copy of the record therein, 'the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court.' The language of the act is very general, but it must not be taken to enlarge the scope of an action removed from a state court into a circuit court. It is a general rule of civil procedure that in respect to the object of a suit, and the relief to be granted in it, it will retain its character and individuality from beginning to end. The character of a suit, and the limitations and restrictions affecting it, when it is begun, remain with it in all jurisdictions through which it may pass. Accordingly it was held in Louisiana, in a suit begun in a parish court for an amount exceeding the jurisdiction of that court, and afterwards transferred to a district court of larger jurisdiction, that it could not be maintained in the latter court, because of the limitation in the court in which it was begun. Parker v. Shropshire, 26 La. Ann. 37. And in cases appealed from justices of the peace to courts of larger jurisdiction, limitations upon the jurisdiction of justices of the peace must be enforced in the appellate court. Allen v. Belcher, 3 Gilman [Ill.]

594; Billingsly v. State, 3 Tex. App. 686; Cooban v. Bryant, 36 Wis. 605. In all essential features the case is subject in this court to the limitations and restrictions which would have been applicable in the county court if it had not been removed into this court." See, also, Smith v. Clark, 38 Colo. 89, 88 P. 636.

I think, too, this court has determined the point in two cases. In State v. Breen, 41 Nev. 516, 173 P. 555, we said: " * * * It is also well established that the jurisdiction of an appellate court on appeal from a justice's court is entirely derivative, and it acquires no jurisdiction to try a case on appeal from a justice's court where the later is without jurisdiction to entertain the case and render judgment therein. Fitchett v. Henley, 31 Nev. 341, 102 P. 865, 104 P. 1060."

I do not think the fact that the case just mentioned was one in which an appeal was taken lessens its weight as an authority. The reasoning is just as applicable to the situation here presented.

Courts have only such jurisdiction as is conferred by law. The parties cannot, even by consent, extend that jurisdiction.